## In re Estate of Ernest E. Hart, Deceased. Foreman-State National Bank, Appellant, v. Martha P. Hart, Administratrix, Appellee.

### Gen. No. 38,693.

Opinion filed November 4, 1936.

ROBERT L. WRIGHT, of Chicago, for appellant.

JOHN S. HUMMER, of Chicago, for appellee; L. R. VAN NESS and HUMMER & HUMMER, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.
This is an appeal by the Foreman-State National Bank, appellant, hereinafter referred to as the Bank, from an order entered by the circuit court of Cook county overruling certain objections made by this Bank to the approval of a distribution of $2,003.19 made by the administratrix, Martha P. Hart, appellee herein, to herself, individually, as sole heir-at-law, on a final accounting in the estate of Ernest E. Hart, deceased.

The final account and report was filed in the probate court of Cook county on May 11, 1933, and the Bank filed verified objections and supplemental objections thereto, which were based upon the fact that the Bank had filed a suit and obtained a decree against the ad-

ministratrix individually in the superior court of Cook county, which is set forth in full in the supplemental objections, as follows:

"This cause coming on to be heard upon the sworn supplemental bill of complaint filed herein on April 23, 1934, and the answer thereto heretofore filed herein by the defendant, First National Bank of Chicago, said bill having been heretofore taken as confessed against the defendant Martha P. Hart, both individually and as the Administratrix of the Estate of Ernest E. Hart, deceased by an order of default entered herein on June 18, 1934, and the Court being fully advised in the premises, it hereby makes the following findings:

"1. That the defendant Martha P. Hart, also known as Martha Hart Fitzgerald, is still individually indebted to the complaint, Foreman-State National Bank, in the sum of $4,001.49, as heretofore found by this court in the decree entered herein on November 10, 1932, upon the original bill of complaint herein.

"2. That said defendant Martha P. Hart has continued to conceal her whereabouts to the end that personal service cannot be had upon her and has never personally appeared herein so that no decree for the payment of money may be entered against her personally herein and the complainant can only satisfy said indebtedness out of the property of said defendant within this jurisdiction.

"3. That said defendant, Martha P. Hart, in her official capacity as Administratrix of the Estate of Ernest E. Hart, deceased, now pending in the Probate Court of Cook County, holds undistributed assets of said estate to which she is individually entitled as the widow and sole heir-at-law of said decedent Ernest E. Hart.

"4. That the First National Bank of Chicago holds the sum of $332.61 for the account of said defendant, Martha P. Hart.

"5. That the complainant, Foreman-State National Bank, is entitled to have the indebtedness heretofore found herein to be due it from the defendant Martha P. Hart, individually, satisfied out of said bank account and said undistributed share of the assets of said estate of Ernest E. Hart, deceased, now held by her in her capacity as Administratrix thereof.

"Wherefore it is hereby ordered, adjudged and decreed that:

"1. The First National Bank of Chicago is hereby ordered to pay to the complainant the sum of $332.61, now held by said bank for the account of said Martha P. Hart in partial satisfaction of her indebtedness to the complainant herein.

"2. The complainant, Foreman-State National Bank, is hereby granted a first and prior lien upon the undistributed individual share of Martha P. Hart, also known as Martha Hart Fitzgerald, in the assets of the estate of Ernest E. Hart, deceased, now held by her in her official capacity as Administratrix thereof, which estate is now pending in the Probate Court of Cook County, Illinois as file Number 145661, Docket 283, Page 454, for the payment of the balance of said indebtedness, the sum of $3,668.88.

"3. The defendant Martha P. Hart is hereby further restrained and enjoined as Administratrix of said estate of Ernest E. Hart, deceased, from distributing to herself individually, any of the assets thereof until said lien shall have been satisfied."

This decree mentioned in the objections was entered on July 11, 1934, and spread of record in the probate court on August 14, 1934. The objections to this final account and distribution were heard on November 23, 1934, in the probate court, and upon this hearing the objections and supplemental objections were overruled, the final account was approved and the administratrix discharged. Thereafter an appeal was prosecuted to

the circuit court, which entered a similar order on July 12, 1935, and from this order the Bank has taken this appeal.

The circuit court of Cook county heard the matter on the probate court record, consisting of the administratrix' final account and report, objections and supplemental objections filed by the Bank and the order entered in the probate court overruling said objections, approving the final account and report in its entirety and discharging the administratrix. No evidence was introduced by the Bank, but the administratrix introduced in evidence seven documents described in detail as follows:

1. The bill of complaint filed in a suit entitled Foreman-State National Bank v. Martha Hart Fitzgerald, et al., and numbered 556804 in the Superior Court of Cook County on May 2, 1932.

2. The amendment to the bill of complaint filed in said suit on May 27.

3. The decree entered on November 10, 1932.

4. The supplemental Bill of Complaint filed on April 23, 1934.

5. The order of default entered on June 18, 1934.

6. The decree entered on July 11, 1934.

7. The publisher's certificate of publication for claims in Probate Proceeding.

The facts in this proceeding are not in serious dispute; the questions are largely legal ones to which the parties have called this court's attention, and which it is claimed have ensued in consideration of the objections made by the Bank. The facts are that the Bank filed a creditor's bill against Martha P. Hart, then described as Martha Hart Fitzgerald, Charles S. Monroe and R. Weston Pollard, on May 2, 1932, in the superior court of Cook county, to enforce certain stock subscriptions to the Harbor Securities Corporation, against which the bank held an unsatisfied judgment

for $15,000, to satisfy the judgment debt, as the corporation was then insolvent.

Since Martha P. Hart married Richard I. Fitzgerald subsequent to the death of Ernest E. Hart, and was later divorced from Fitzgerald and resumed the name of Hart, she is referred to in the pleadings in the superior court suit by both names at various times.

The theory of the action against the defendant Martha Hart was that the subscription made under seal by her deceased husband, who had died on May 15, 1929, was enforced against her individually, to the extent of the assets received by her as his sole heir-at-law. It is contended by the defendant that the Bank's claim had not arisen until after the period for filing claims against the estate had expired.

The bill alleges that Martha Hart had received $29,-354.84 in cash from said estate, that the amount of the liability on decedent's subscription was $3,340 with interest at five per cent from November 28, 1928, and the existence of the subscription liability was not discovered by the Bank until March 5, 1932. By an amendment filed on May 27, 1932, the Bank alleged that the decedent Ernest E. Hart, Monroe and Pollard were the promoters of the corporation and in control thereof as its officers at the time the subscriptions were made; that they subscribed to the capital stock at $10 per share but only issued and paid for the stock as and when they succeeded in selling it to the public at $50 a share; that the purchasers at $50 a share were, in effect, original subscribers and that the $40 per share profits were not disclosed to other shareholders until 1930 and were recoverable as secret profits, by the corporation, for the benefit of its creditors. The liability of the decedent Hart for these secret profits was alleged to exceed $4,000 and to be enforceable against the defendant Martha Hart to the extent of the assets received by her from his estate upon the

same theory on which her liability for the stock subscription was predicated.

On November 10, 1932, a decree was entered in said suit finding that the defendant Martha Hart was indebted in the sum of $4,001.49, on the aforesaid stock subscription. She was then ordered to pay the Bank this sum in partial satisfaction of its judgment against the corporation, and the determination of her liability, if any, for such secret profits was postponed to a subsequent reference to a master in chancery.

The decree was collaterally attacked in a garnishment proceeding entitled *Martha Hart Fitzgerald for use of Foreman-State National Bank v. First National Bank and Richard I. Fitzgerald,* and held to be void for want of personal service of summons on Martha Hart, described in said suit as Martha Hart Fitzgerald. The case was appealed to this court, and is numbered 36,778 and reported in volume 272 Ill. App. 570. This court held that the service by publication had on the defendant Martha Hart, individually, in the original equity suit in accordance with sections 12 and 13 of the Chancery Act, which provided for such service where a defendant is a resident but conceals himself so that process cannot be personally served, would not support the entry of the aforesaid personal decree against her, entered on Nov. 10, 1932. Subsequent to the filing of this opinion on December 11, 1933, a petition for certiorari was denied by the Supreme Court on April 17, 1934.

On April 23, 1934, the bank filed a supplemental bill of complaint in the original chancery suit setting up certain facts, which are in substance as follows:

That Martha Hart had concealed her whereabouts and was still concealed so that process could not be served upon her; that she received a letter notifying her of the pendency of the suit on or about May 10, 1932, and that notice of the suit was served on the at-

torneys representing her as administratrix in the probate court on July 19, 1932, but that she had failed to file an appearance in the suit;

That she was duly served by publication, duly defaulted and the aforesaid decree was entered against her on November 10, 1932; that the personal decree was held void for want of personal service;

That she owned certain property within the jurisdiction of the court which should be subjected to the satisfaction of her liability in said suit, including a claim to the net assets of the estate of Ernest E. Hart, deceased, as sole heir-at-law of said Ernest E. Hart, which estate is pending in the probate court of Cook county.

The bill then prayed that she be made a party to the supplemental bill both individually and in her official capacity as administratrix and for the entry of an appropriate decree satisfying her liability to the Bank; that she did not file her appearance; that she was served by publication, and on June 18, 1934, was duly defaulted for want of an appearance. On July 11, 1934, the decree was entered which is set forth in full in the supplemental objections filed to the approval of the administratrix' account.

It is contended by the Bank that by the statement of the case and the statement of facts, the sole issue before the court on the Bank's objections to the distribution of $2,000 by the administratrix to herself individually was the validity of the superior court decree entered on July 11, 1934, and the Bank further contends that if the decree was valid she of course had no right to make the distribution, as it gave the Bank a prior lien on her individual right to the fund and expressly enjoined her in her official capacity from making distribution to herself individually.

The real test is whether the court had jurisdiction in this case to find the total sum due from Martha P.

Hart, upon the service by publication had in this case. The purpose of the court's finding is to impress a lien upon the amount found to be due against the amount she would receive as the only heir-at-law of Ernest E. Hart, deceased.

No objection seems to have been made that service was had by publication. The only theory of the administratrix of the estate is that the decree entered by the court upon the supplemental bill was a personal one against Martha P. Hart individually, and for that reason the court was without jurisdiction to enter such decree. Assuming that there was no personal service such as would justify the court in entering a decree *in personam,* still the question we have to consider is whether because of service by publication the case becomes one *in rem.* The Supreme Court of our State in the case of *Bickerdike v. Allen,* 157 Ill. 95, in passing upon this question, said:

"A proceeding *in rem* is not merely a direct proceeding against property, but any action between the parties where the direct object is to reach and dispose of property owned by them or of some interest therein. For example, suits by attachment against the property of debtors, suit for the partition of land, to foreclose mortgages, to enforce liens or contracts respecting property, may be regarded as proceedings *in rem* so far as they affect property in the State. *(Pennoyer v. Neff,* 95 U. S. 714.) In such proceedings *in rem,* where the object is to reach and dispose of property within the State, or of some interest therein, service by publication, or in some mode other than upon the person, may be sufficient. The theory of the law is, that when a man's property is brought under the control of the court by seizure, such seizure informs and notifies him of the proceedings taken for its sale or condemnation. In such cases, constructive notice is permitted and becomes effectual solely by reason of

the attachment or seizure of the property. The jurisdiction of the court to determine the obligations of the defendant constructively notified is incidental to its jurisdiction over the property. The judgment has no effect beyond the property reached or affected in that suit. 'Jurisdiction is acquired in one of two modes: first, as against the person of the defendant by the service of process; or, secondly, by a procedure against the property of the defendant within the jurisdiction of the court.' (*Boswell's Lessee v. Otis,* 9 How. 336.)''

It is of course interesting to note what the court said there, namely:

''The jurisdiction of the court to determine the obligations of the defendant constructively notified is incidental to its jurisdiction over the property.'' Therefore, in this case the purpose of the litigation is to establish a lien upon the funds of the estate within the jurisdiction of the probate court of Cook county, and this being so it would seem from what is said by the Supreme Court, the fact that the court found the amount due, is incidental to impressing a lien upon the property of this defendant within the State. The defendant resides in the State, and as administratrix was appointed to administer as provided by statute, so that her place of residence is clear from the record, and from the facts as set forth in the pleadings she has concealed herself so that service of summons could not be had upon her. In this connection the further interesting statement is made by the court in the above cited case:

''Suppose that a defendant resides in this State, and has a known residence here, but conceals himself so that process cannot be served upon him, and that the notice specified in the statute is sent to him by mail. If he receives the notice so sent, he has received personal notice just as much as though a summons was served upon him by the sheriff. The certificate of the

clerk is made proof of the mailing of the notice. 'Proof of the mailing of notices, properly addressed, is *prima facie* evidence of their having been received by the party addressed.' ''

The administratrix contends that the creditor's bill proceeding in the superior court is a proceeding *in personam,* and the decree entered therein on July 17, 1934, on substituted service by publication and mailing is void. This contention might be correct if personal service was not had upon the person named in the proceeding and no property located at the place where the cause was instituted and nothing for the court in its decree to direct. However, in this case the defendant is a resident of the county of Cook, in which county the proceeding is pending, and from the facts it is apparent that the defendant is concealing herself so that service of process cannot be had, and if the court finds there is property located within the county, where the suit is instituted, then of course the court must proceed as *in rem,* and by its decree may impress a lien upon the property found in Cook county. The property upon which the lien was impressed by the decree in this case was property in the hands of this defendant as administratrix, and as well stated by the Supreme Court on the question of service in the cases herein cited, the purpose of such action *in rem* is to reach and dispose of the property which is within the jurisdiction of the court, and the decree entered in this case has no effect upon the property reached other than by a lien by the decree of the court in the suit pending in the superior court of Cook county.

Now as to the contention of the administratrix of the estate of Ernest E. Hart, deceased, that the superior court had no jurisdiction of the undistributed share of the administratrix of the estate of Hart, and could not grant a valid lien thereon to the Bank, the case of *Austin v. Royal League,* 316 Ill. 188, is cited,

and what we quite agree is the law, is quoted in these words:

"Before there can be a proceeding *in rem* or *quasi in rem* there must be a *res* upon which the court is acting. In the strict sense of the term, a proceeding *in rem* is one which is taken directly against property or one which is brought to enforce a right in the thing itself. The distinguishing characteristic of judgments *in rem* is that they operate directly upon the property and are binding upon all persons in so far as their interest in the property is concerned. Since a judgment *in rem* operates upon the particular property which is the subject of litigation it does not have any effect *in personam* and creates no personal liability, especially as against those who, while interested in the property, have not been served with process and have not appeared in the action. A proceeding *quasi in rem*, while not strictly one *in rem*, is a proceeding which is taken directly against specific property though the suit is brought against certain named persons. When the purpose of the proceeding is to affect the interest of a named person in specific property within the State which has at the outset of the proceeding been brought within the control of the court, like the proceeding to foreclose a mortgage, it is a proceeding *quasi in rem*." And this rule supports the decree entered in the superior court of Cook county upon the ground already stated in this opinion.

It is also suggested by the administratrix that the superior court did not have jurisdiction of the undistributed share of the administratrix of the estate of Hart, and could not grant a valid lien thereon to the Bank, and she again cites in support of this position the case of *Austin v. Royal League,* 316 Ill. 188. This case also supports the decree of the superior court for the reason that in the instant case the *res* was within the jurisdiction of the court, being the objec-

tions filed by the bank to the final report of Martha A. Hart, as administratrix and individually, and the administratrix by her petition in the probate court seeks to have the report approved, and to take individually the sum of $2,003.19, upon which sum the decree of the superior court impressed a lien upon the property within the State for the amount found due in the decree entered in that court, and in our opinion the objections filed were objections which should have been sustained both by the probate court and the circuit court of Cook county.

Other questions are involved, but we do not consider them of importance in view of the conclusions we have reached, and therefore the order of the circuit court is reversed and the cause is remanded with directions to the court to enter such other and further orders as may be consistent with the views expressed in this opinion.

*Reversed and remanded with directions.*