MERRITT B. AUSTIN, Defendant in Error, *vs.* THE ROYAL LEAGUE, Plaintiff in Error.

*Opinion filed February 17, 1925—Rehearing denied April 11, 1925.*

1. BENEFIT SOCIETIES—*right of an ineligible beneficiary to reimbursement for payments.* One ineligible to take under a benefit certificate in which he is named as beneficiary is entitled to be reimbursed, with interest, for assessments paid by him in good faith relying upon his appointment as beneficiary.

2. SAME—*right to reimbursement does not extend to creating a lien on general benefit fund.* The right of an ineligible beneficiary to reimbursement for assessments paid by him in good faith does not extend to the creation of a lien in his favor upon the general benefit fund in the hands of the society, as there is no contractual relation between him and the society.

3. SAME—*obligation of a benefit society constitutes a personal claim against it.* The obligation of a benefit society is to pay the sum named to the person named as beneficiary provided he is eligible to receive it, and if ineligible, to the heirs of the insured member upon proper proof of heirship; and this obligation constitutes a personal claim against the society, to be paid from its general benefit fund, and the claim of the persons entitled to the sum named is a personal one.

4. SAME—*when court cannot decree reimbursement to ineligible beneficiary.* A court of equity cannot enter a decree awarding reimbursement to an ineligible beneficiary for assessments paid by him in good faith where it did not have jurisdiction of the persons entitled to receive payment under the benefit certificate.

5. ACTIONS AND DEFENSES—*what is a proceeding in rem.* A proceeding *in rem,* in the strict sense of that term, is one taken directly against the property 'or one which is brought to enforce a right in the thing itself, and the judgment in such a proceeding operates directly upon the property and binds all persons so far as their interest in the property is concerned but creates no personal liability.

6. SAME—*what is a proceeding quasi in rem.* A proceeding *quasi in rem* is a proceeding which is taken directly against specific property although against certain named persons, as in case of foreclosure of a mortgage.

7. SAME—*when suit is an action in personam.* A proceeding in equity by an ineligible beneficiary to compel the benefit society to reimburse him for assessments paid by him in good faith is an action *in personam* and not a proceeding *in rem* or *quasi in rem,* and a decree rendered against non-residents upon constructive notice by publication is not binding upon them personally.

8. SAME—*statute precludes suit by ineligible beneficiary against society for reimbursement for assessments paid.* Under section 9 of the act regarding fraternal beneficiary societies, (Smith's Stat. 1923, p. 1212,) an ineligible beneficiary cannot maintain a suit against the society to compel it to reimburse him for assessments paid in good faith, as such proceeding is, in effect, an equitable garnishment of money to which the legal beneficiaries are entitled.

FARMER, J., dissenting.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

HARRY P. WEBER, GEORGE W. MILLER, ARTHUR J. DONOVAN, and ARTHUR A. ANDERSON, for plaintiff in error.

VOSE & PAGE, (HUBERT E. PAGE, and JOHN D. CLANCY, of counsel,) for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Arthur Brookover in his lifetime was a member of plaintiff in error, the Royal League, a fraternal beneficiary society organized under the laws of Illinois. The beneficiary

named in the certificate when it was issued was Sarah Brook-over, wife of Arthur and mother of defendant in error, Merritt B. Austin. Upon the death of Sarah, in 1907, a new certificate was issued naming defendant in error, the step-son of the insured, as beneficiary by describing him as a dependent. In 1911 Brookover became physically unable to continue his business, and thereupon defendant in error at his request paid the dues and assessments to plaintiff in error. In 1917 Brookover surrendered the 1907 certificate for $4000 and had issued in lieu thereof two certificates, one for $2000, payable only in the event that he died before attaining the age of seventy years, and the other for $2000, payable upon his death at any time. Brookover became seventy years of age October 2, 1919, whereupon one of the certificates by its terms expired. In 1921 Brookover died intestate and without property. He had never had any children, and he left surviving him as his heirs twenty-six persons named in the bill, all of whom reside outside the State of Illinois. Defendant in error was not a dependent of Brookover, and under the statute of this State and the by-laws of the society he was ineligible to take under the policy as a beneficiary. Upon the death of Brookover there became due and payable to his heirs the sum of $2000. They have made no demand for the sum due them and no sum has been set apart from the general fund of the society to pay the claim. Defendant in error demanded payment of the $2000 under the benefit certificate and it was refused by the society. He thereupon filed his bill in the circuit court of Cook county, setting forth the facts stated and praying "that said Royal League be required by this court to account to your orator, and upon such accounting to re-fund all moneys paid or caused to be paid by your orator from and after the first day of September, 1911, to said Royal League upon any and all benefit certificates aforesaid on the life of said Arthur Brookover, together with interest thereon from the dates, respectively, of such payments,"

and for general relief.  Plaintiff in error and the heirs of
Brookover were made defendants, and there was an affidavit
as to unknown owners.  Summons was issued and returned
served on plaintiff in error and not found as to all other
defendants.  There was service by publication as to those
named as heirs and as to unknown owners.  A guardian
*ad litem* was appointed for all minor defendants, and he
and plaintiff in error filed answers.  All other defendants
were defaulted.  A hearing was had and a decree entered
finding that plaintiff in error was liable to the heirs of
Brookover for $2000 and that it had in its custody in Cook
county sufficient funds to pay the same; that defendant in
error, believing that he was a legal beneficiary under the
benefit certificate issued, had in good faith paid to plaintiff
in error assessments on the whole life certificate amounting
to $748.18, assessments on the term certificate amounting
to $369.98 and local council dues amounting to $47.46, and
that he was entitled to re-payment of said sum of $1165.62,
and interest thereon, out of the fund of $2000 due under
the whole life certificate.  The decree directed plaintiff in
error to pay to the clerk of the court the sum of $2000, with
interest from the date of Brookover's death, and directed the
clerk to pay out of said sum to defendant in error $1482.46,
being the amount of the assessments and dues paid by him,
with interest, and the sum of $34.06 as costs, and to the
guardian *ad litem* the sum of $28.  The clerk was directed
to hold the balance of the fund subject to the further order
of the court.  A week after the entry of the decree six of
the heirs named as defendants filed their appearance and
a consent to the decree.  An appeal was taken to the Ap-
pellate Court by plaintiff in error, the decree was affirmed,
and the cause is brought here by *certiorari*.

This court has held that where one ineligible to take
has been named beneficiary in a certificate like the one
here involved and in good faith has paid the assessments
relying upon his appointment as beneficiary, he is entitled

to be reimbursed for such payments, with interest. (*National Union* v. *Keefe,* 263 Ill. 453; *Royal Arcanum* v. *McKnight,* 238 id. 349.) This is on the equitable principle that one who has the legal right to the fund under the certificate ought not to be permitted to appropriate the benefit of another's money which has actually produced the fund and which he has paid in good faith in reliance upon his title as beneficiary. This principle does not, however, extend to the creation of a lien in favor of the person paying the assessments upon the general benefit fund in the hands of the society. Since defendant in error was ineligible to receive the principal sum named in the benefit certificate as a beneficiary there is no contractual relation between him and plaintiff in error. It agreed with Brookover to pay to a beneficiary entitled to receive the sum named, and it is bound to carry out this agreement and no other. It is under no obligation whatever to return the assessments paid, and the assessments paid have not been kept in a separate fund to guarantee the payment of the principal sum named in the benefit certificate. Under the facts in this case plaintiff in error is obligated to pay to the heirs of Brookover $2000 when they furnish proper proof of heirship and comply with the other terms of the contract. That obligation constitutes a personal claim against it, and it has created by the levying of assessments upon its members a benefit fund wherefrom this claim and all claims of this character are to be paid. The claim of the certificate holder or those entitled to recover under the certificate remains a personal one and not a right in or lien upon specific property. Therefore, before a court of equity can enter a decree under which defendant in error can be reimbursed for the assessments paid by him, the court must have jurisdiction of the parties entitled to payment under the benefit certificate.

The basis of the judgment of the Appellate Court as disclosed by its opinion, and the contention of defendant in error in this court, are, that this is a proceeding *quasi in rem,*

and since the fund from which the amount due under this certificate must be paid, the benefit certificate, (which is the evidence of the amount due,) the society which issued the benefit certificate and which has possession of the fund, and the person who is seeking to enforce an equitable lien against the fund, are all within the jurisdiction of the court, the service of notice by publication was sufficient to give the court jurisdiction over the non-resident heirs for the purposes of the suit and that they were therefore bound by the decree entered. Before there can be a proceeding *in rem* or *quasi in rem* there must be a *res* upon which the court is acting. In the strict sense of the term, a proceeding *in rem* is one which is taken directly against property or one which is brought to enforce a right in the thing itself. The distinguishing characteristic of judgments *in rem* is that they operate directly upon the property and are binding upon all persons in so far as their interest in the property is concerned. Since a judgment *in rem* operates upon the particular property which is the subject of litigation it does not have any effect *in personam* and creates no personal liability, especially as against those who, while interested in the property, have not been served with process and have not appeared in the action. A proceeding *quasi in rem,* while not strictly one *in rem,* is a proceeding which is taken directly against specific property though the suit is brought against certain named persons. When the purpose of the proceeding is to affect the interest of a named person in specific property within the State which has at the outset of the proceeding been brought within the control of the court, like the proceeding to foreclose a mortgage, it is a proceeding *quasi in rem.* In this case there is no *res* before the court. The claim of the heirs against the society is not the *res*. Such a claim might be litigated in any State, so far as the society is concerned, where it might be served with process through its proper agents. The property of the society is not before the court nor involved in the suit. In

this proceeding the benefit certificate is not a *res* on which the court is acting. It is only the evidence of an obligation, and, as we have said, the right to enforce this obligation is transitory. If there is an obligation to reimburse defendant in error for the assessments paid it is the obligation of the heirs of Brookover and not that of the society. The heirs have not claimed the fund created by the payment of these assessments and the fund has not been paid to them. Certainly there cannot be an adjudication of the claim of defendant in error against the heirs until the heirs are before the court. Can it be said that a non-resident having an interest in the benefit certificate issued to Brookover must take notice of suits brought against the society in the different States where the society can be sued and can be forced to appear and defend his rights upon mere constructive notice? It seems clear the answer must be in the negative. The claim of the heirs against the society is a personal one. (*Hanna* v. *Stedman,* 230 N. Y. 326, 130 N. E. 566.) A proceeding to determine who is entitled to the proceeds of a benefit certificate, even where the fund is paid into court, is not a proceeding *in rem.* (*Cross* v. *Armstrong,* 44 Ohio St. 613, 10 N. E. 160; *Tremblay* v. *Ætna Life Ins. Co.* 97 Me. 547, 55 Atl. 509; *Ward* v. *Bankers' Life Ins. Co.* (Neb.) 157 N. W. 1017; *Washington Life Ins. Co.* v. *Gooding,* (Tex.) 49 S. W. 123.) The subject matter of this litigation is a debt due on a contract from the society to the legal beneficiary under the benefit certificate, and the relation is that of debtor and creditor. The suit here under consideration is not for the purpose of settling the status of or title to property or to subject property to some action of the court. The suit is for the purpose of compelling action on the part of plaintiff in error in the payment of a sum of money to defendant in error and is an action *in personam.* The decree actually takes from the heirs of Brookover and gives to defendant in error substantially three-fourths of the sum due under the

benefit certificate. A decree rendered against a party who is beyond the limits of this State, upon constructive notice by publication under our statute, does not bind the party personally. (*Mosier* v. *Osborn,* 284 Ill. 141; *Bickerdike* v. *Allen,* 157 id. 95; *Cloyd* v. *Trotter,* 118 id. 391; *Harris* v. *Pullman,* 84 id. 20; *New York Life Ins. Co.* v. *Dunlevy,* 241 U. S. 518, 36 Sup. Ct. 613; *Royal Neighbors* v. *Fletcher,* (Okla.) 227 Pac. 426; *National Council* v. *Scheiber,* (Minn.) 163 N. W. 781.) Where neither the *res* nor the persons interested are before the court no binding decree can be rendered. (*Town of Virden* v. *Needles,* 98 Ill. 366.) Clearly, under the authorities this decree does not discharge the liability of plaintiff in error to the heirs of Brookover under the benefit certificate.

In addition to the reasons given, it seems clear that under section 9 of the act regarding fraternal beneficiary societies this proceeding cannot be maintained. That section provides that the money provided by any fraternal beneficiary society in this State shall not be liable to attachment, garnishment or other similar process, and shall not be seized, taken, appropriated or applied by any legal or equitable process or by operation of law to pay any debt or liability of a certificate holder, or of any beneficiary named in a certificate, or of any person who may have any right thereunder. (Smith's Stat. 1923, p. 1212.) The claim of defendant in error being a charge against the legal beneficiaries under the certificate, it cannot be recovered by a proceeding of this character, which in effect is an equitable garnishment.

There are other reasons why the decree entered cannot be sustained, but it is unnecessary to further lengthen this opinion to discuss them.

The judgment of the Appellate Court and the decree of the circuit court are reversed.

*Judgment reversed.*

Mr. JUSTICE FARMER, dissenting.