(No. 25557.—

E. E. BARNETT, Appellant, *vs.* THE COUNTY OF COOK *et al.* Appellees.

*Opinion filed April 17, 1940.*

WILSON, C.J., dissenting.

FRANKLIN J. STRANSKY, ADELBERT BROWN, GEORGE P. FOSTER, ROBERT E. CORCORAN, and CHARLES M. HAFT, for appellant.

THOMAS J. COURTNEY, State's Attorney, BARNET HODES, Corporation Counsel, GEORGE A. BASTA, ERNEST BUEHLER, RICHARD S. FOLSOM, and JOHN O. REES, (JOSEPH F. GROSSMAN, MARSHALL V. KEARNEY, J. HERZL SEGAL, LAWRENCE J. FENLON, EDMOND P. MOLONEY, JACOB SHAMBERG, JAMES W. COFFEY, and PHILIP A. LOZOWICK, of counsel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county which dismissed a resident taxpayer's petition for an injunction. The petition asked that certain county officials be restrained from entering into a contract and expending public funds to cause a notice to be published in proceedings to confirm 1940 tax levies. The notice referred to is required to be published in the proceedings provided by Senate Bill No. 7 of the Sixty-first General Assembly. Laws of 1939, p. 848; Ill. Rev. Stat. 1939, chap. 120, pars, 812-822.

We held a similar 1937 act unconstitutional in *Griffin* v. *County of Cook,* 369 Ill. 380, and the appellant attacks the validity of the present law on several grounds. The general purpose is the same in both acts,—viz., to confirm tax levies of taxing districts of more than 500,000 population, except the State of Illinois. Section 9 of the act before us provides, in part: "No tax levy thereby confirmed or in the process of confirmation shall thereafter be questioned in any other suit, action or proceeding whatsoever, or by objections to the county collector's application for judgment and order of sale against real estate for delinquent taxes." Jurisdiction of the proceedings is vested

in circuit courts. The petition is to be filed by the county clerk of the county in which the whole or major part of the territory of the "municipal or *quasi*-municipal corporation or taxing body" is located. Throughout the act, dates are fixed, Sundays excepted, and the next business day is substituted if the date happens to fall on Sunday. Hereafter, when a date is referred to, this will be understood. Each such corporation must file its tax levy ordinance with the county clerk by March 30. The county clerk shall, with the advice and assistance of the State's attorney and the attorney for the taxing district, prepare and file, on April 5, petitions to confirm such tax levies. A copy of the tax levy ordinance shall be attached to the petition and, by reference, made a part of it. The petition shall set forth the percentage of loss and cost of collection which the clerk proposes to add where no levies for that purpose have been made by the taxing body and where such addition is permitted by law. The petition shall designate April 30 as return day. On April 10, the county clerk shall cause a single notice to be published in some secular newspaper of general circulation, published in the territorial limits of the municipality in question, which shall be addressed to all taxpayers and the taxing body involved. It shall advise all persons owning or interested in real or personal property which may be affected that they may file objections in writing on or before April 30 in the office of the clerk of the circuit court. Objections must be in writing and must specify, in detail, any ground of illegality against the levy or the amount of loss and cost proposed to be added by the clerk as percentage of loss and cost of collection. The question as to whether any levy is within or without the tax-rate limit must be raised at this time, and facts in support of such contention must be set forth in the objection. The act provides for a hearing on May 2, or on a subsequent day to be fixed by the court. After proof of publication of the notice and the filing of the levy ordinance with the county clerk, the case

shall be tried in a summary way without further pleadings. When the court has heard all the objections, it shall enter an order determining which levies of taxes are legal and which are illegal and directing the county clerk to use the valid levies, together with the amount he shall add as loss and cost of collection, in computing the tax rates for the year. Where an issue is raised as to the maximum tax rate, the order shall also declare whether the levy attacked is within or without the maximum. An appeal is allowed, but the notice of appeal must be filed within twenty days from the entry of the order of the court.

The material changes in the act are that this statute vests jurisdiction in the circuit instead of the county court. It prescribes specific dates for filing the tax levy ordinances with the county clerk, for his petition, the publication of the notice, the return day, and for filing objections. In the 1937 act these dates were, for the most part, dependent on the happening of antecedent acts.

In addition to the State of Illinois which is excepted, only the county of Cook, the city of Chicago, the board of education of that city, the Chicago Park District, the Sanitary District of Chicago and the Forest Preserve District of Cook county contain the required population of 500,000 inhabitants. Other legislation has been adopted since the *Griffin case* was decided, and now all levy ordinances in these six districts have to be adopted not later than March 28.

In spite of the various amendments of various acts and the changes wrought in the 1939 act before us, appellant contends that this act deprives taxpayers of due process of law in violation of the State and Federal constitutions. Due process of law requires notice to the defendant and an opportunity to be heard in the protection and enforcement of his rights. (*Griffin* v. *County of Cook, supra.*) In *Winona & St. Peter Land Co.* v. *Minnesota,* 159 U. S. 526, 40 L. ed. 247, 251, it is said: "That rule is that a law authorizing the imposition of a tax or assessment on property according

to its value does not infringe that provision of the four-teenth amendment to the constitution which declares that no State shall deprive any person of property without due process of law, if the owner has an opportunity to question the validity or the amount of it either before that amount is determined or in subsequent proceedings for its collec-tion. [Citing cases.] That the notice is not personal but by publication is not sufficient to vitiate it." In 12 Amer-ican Jurisprudence, title Constitutional Law, sections 640 to 643 inclusive, it is pointed out that in the general assess-ment and levy of taxes the notice to the taxpayer need only be contained in the statute itself, without publication or personal service upon him. (See, also, *Carney* v. *People,* 210 Ill. 434.) But this statute does not concern itself alone with assessment and levy of *ad valorem* taxes. It involves judicial proceedings to confirm such levies, and adjudicates or bars objections to their legality. It removes defenses in later proceedings looking to judgments and orders for sale of property for delinquent taxes and in actions in debt against taxpayers for personal property tax. Here, as in the 1937 act, only one notice is published, and personal property taxpayers living within or without the State who neither have actual notice nor are likely to read the single publication of it, are barred from asserting defenses later in actions of debt. If the taxpayer's defenses are cut off and all that remains when he is sued is to advise him there has been a binding judgment against him as to defenses he might otherwise have urged with effect, and the mere formality or shell of a hearing remains in which he can urge nothing, of what avail then is personal service to him in that proceeding? In the *Griffin case,* at page 389, after reviewing cases on service of process, we said: "A personal judgment cannot be obtained by publication process against a non-resident, even though the proceeding is brought *in rem* or *quasi in rem.* (*Austin* v. *Royal League,* 316 Ill. 188; *Northern Trust Co.* v. *Sanford,* 308 id. 381.) And in *Mc-*

*Cormick* v. *Blaine,* 345 Ill. 461, it is held that the court cannot take jurisdiction by constructive service to determine incompetency or to obtain a judgment *in personam* against a resident beyond the limits of the State. No case has been called to our attention which authorizes a judgment *in personam,* upon the publication of notice alone. The cases seem fairly to establish that a personal judgment cannot be obtained against any non-resident of the State by substituted service or against any resident outside the State; that a judgment *in rem* cannot be made the basis of a judgment *in personam,* at least without giving the notice required for judgments *in personam;* and that a judgment *in personam* may be obtained against a resident of the State by constructive service, if it appears actual service of process cannot be had upon him, and notice is given in such manner the reasonable probabilities are the defendant will receive notice of the pending action or proceeding before a judgment or decree is rendered against him."

In spite of the changes, the 1939 act, like that of 1937, is wanting in due process. All that a defendant, when served with summons in an action in debt for personal property tax, or a taxpayer whose property was involved in the collector's application for judgment and order of sale for delinquent taxes, would learn, would be that his defenses had been adjudicated or barred by the earlier judgment obtained against him in the confirmation proceeding. So far as personal property taxes are concerned this amounts to obtaining a judgment *in personam* without personal service or sufficient notice. This statute does not afford due process of law, because of this fact.

Another insurmountable difficulty is that section 5 requires that objections be filed by April 30, and provides: "If the objector desires to raise any question concerning the amount of the maximum tax rate for any municipal corporation, *quasi*-municipal corporation or taxing body, or whether any levy is within or without a tax rate limit he

shall likewise set forth in his written objections facts in support of his contention." Section 7 provides that if such objections are before the court the order entered shall include a finding as to what the maximum rate is and whether the levy in question is within or without the maximum legal rate and if these objections are not filed they are, by section 9, forever barred. The question whether the tax rate will exceed constitutional or statutory limits cannot be determined until the final assessment and valuation of property is made and returned through the action of the assessors, the appeal board of Cook county and the State Tax Commission. This comes much later in the year than April 30. Objectors could not know then whether or not the levy is in excess of statutory and constitutional maximum tax rates. Due process of law contemplates that there will be given a reasonable opportunity to be heard in defense, and this provision also deprives the taxpayer of his property without due process of law. It is no answer to argue that we should construe the act to mean that only such objections as can be filed must be filed on April 30. We cannot change this statute and write in the additional words, or create an exception of objections specifically dealt with and barred forever if not filed under the provisions of this act. We are of the opinion that without these provisions the legislature would not have adopted this act and that it is invalid for the reasons stated.

The appellant cites numerous authorities in support of other cogent reasons for declaring this act unconstitutional and void, but we need not state those contentions at length or discuss them. The act is unconstitutional.

The decree of the circuit court of Cook county is reversed and the cause is remanded, with directions to overrule the motion to dismiss, and for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE WILSON, dissenting.