**Helena L. ZILINGER, Albert Zilinger, and Hollis Zilinger, Plaintiffs,**

v.

**ALLIED AMERICAN INSURANCE COMPANY and Health Cost Controls, Defendants.**

**No. 96 C 6036.**

United States District Court, N.D. Illinois, Eastern Division.

March 4, 1997.

Robert John Cooney, Jr., James E. Ocasek, Cooney & Conway, Chicago, IL, for Plaintiffs.

Henry S. Romano, Jr., Henry S. Romano & Assoc., Northbrook, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Health Cost Controls ("HCC") has removed the Motion to Adjudicate Lien, filed by the plaintiffs, Helena, Albert, and Hollis Zilinger. The plaintiffs move to remand. For the following reasons, the Motion to Remand is granted.

### Background

The plaintiffs filed suit in the Circuit Court of Cook County, Illinois against Allied American Insurance Company ("Allied"), the issuer of their automobile insurance policy. The plaintiffs were in an automobile accident and suffered injuries, caused by an uninsured tortfeasor. Allied refused to honor the Uninsured Motorist Coverage clause of the insurance policy. The plaintiffs and Allied settled.

---

At all relevant times, the Zilingers were covered by a benefit plan, provided by Frank Zilinger's union.[1] HCC asserts that the plan was subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq,* and that HCC, a fiduciary of the plan, was appointed by the union to administer and prosecute all of the plan's rights and claims to reimbursement and subrogation. The Zilingers agreed that if the plan incurred expenses on their behalf, and they received funds in connection with the same injury or illness, they would reimburse the plan. Thus, HCC asserted liens on the proceeds of the Zilingers' settlement with Allied.

On or about September 11, 1996, the Zilingers filed a Motion to Adjudicate Lien in the Circuit Court of Cook County, Illinois, arguing that the benefit plan did not contemplate reimbursement of funds obtained from a source such as Allied. On September 12, 1996, a copy of the Motion and a notice that the Motion would be heard on September 18, 1996 were mailed to HCC. HCC received these on or about September 16, 1996, but did not appear at the hearing. An order granting the plaintiffs' Motion to Adjudicate Lien was entered on September 18, 1996.

On September 19, 1996, HCC filed a Notice of Removal with this court. On October 24, 1996, the Zilingers moved to remand.

### Analysis

■ The Zilingers argue that I lack subject matter jurisdiction because the Circuit Court of Cook County ruled on their Motion to Adjudicate Lien prior to the HCC's filing its Notice of Removal.[2] Indeed, the state court held a hearing on the Motion to Adjudicate Lien on September 18, 1996. HCC did not appear and an order granting the plaintiffs' Motion was entered. A day later, on September 19, 1996, HCC filed a Notice of Removal with this court. "[T]here is generally no jurisdiction to remove closed cases[,]"

because if a case is closed, "no case or controversy exists." *Philpott v. Resolution Trust Corp.,* 739 F.Supp. 380, 384, 383 (N.D.Ill.1990). Courts have therefore held that "removal is not possible where the case reached final judgment in state court." *Id.* (citing cases). HCC counters that the Circuit Court's order on the Motion to Adjudicate Lien did not close the case because the order is void, having been issued without the Circuit Court's having obtained personal jurisdiction over HCC.

At a hearing before this court, HCC conceded that the issue is whether the lien was validly adjudicated. If so, the case was closed on September 18, 1996, and there was nothing to remove on September 19, 1996. (Tr. 1/9/96 at 5.) HCC's position is that a valid adjudication of its lien required that the Circuit Court assert personal jurisdiction over HCC; this, in turn, required a service of summons. The Zilingers contend that the court did not need personal jurisdiction over HCC because the lien adjudication was an in rem action.

■ I agree with the Zilingers that the lien adjudication may be construed as an in rem action. The Illinois Supreme Court has defined an in rem action as one in which

> there [is] a res upon which the court is acting.... [The] proceeding 'in rem' is one which ... is brought to enforce a right in the thing itself.... [J]udgments in rem ... operate directly upon the property and are binding upon all persons in so far as their interest in the property is concerned.... [A] judgment in rem ... creates no personal liability, especially as against those who, while interested in the property, have not been served with process and have not appeared in the action.

*Austin v. Royal League,* 316 Ill. 188, 147 N.E. 106, 109 (1925). The court "has power to deal with ... property [through an in rem

---

1. It would appear that Hollis Zilinger is the spouse of Frank Zilinger, while Helena and Albert are the children of the couple. It is not clear whether all Zilinger plaintiffs were covered by the benefit plan. HCC's Notice of Removal suggests that only Hollis was. The Reimbursement Agreement furnished by the plaintiffs indicates that Helena and Hollis were covered.

2. I reject HCC's contention that this argument is untimely because the Zilingers filed their Motion to Remand more than 30 days after the Notice of Removal. If at any time the court finds that it does not have subject matter jurisdiction it must remand the case. 28 U.S.C. § 1447(c).

action, if the property is] within the court's territorial jurisdiction." *Wilson v. Smart,* 324 Ill. 276, 155 N.E. 288, 291 (1927). In the present case, the res is the Zilingers' settlement proceeds with Allied. Since the Zilingers and Allied are Illinois residents, I assume that the funds are likewise in Illinois. The adjudication of the HCC's lien was a determination of competing rights in the settlement proceeds. The Circuit Court's order did not create a liability for HCC.[3]

"Substituted service by publication and mailing, *or in any other authorized form* is usually sufficient, where the object of the action is to reach and dispose of property, or of some interest in property, within the state." *Id.* (emphasis added). "The purpose of service ... [is to give] notice to those whose rights or immunities are about to be affected by the proposed action...." *Bell Fed. Sav. & Loan Ass'n v. Horton,* 59 Ill. App.3d 923, 376 N.E.2d 1029, 1032, 17 Ill. Dec. 700 (1978).

Illinois Supreme Court Rule 11, entitled Manner of Serving Papers Other Than Process and Complaint on Parties Not in Default in the Trial and Reviewing Courts, authorizes the method by which the Zilingers served the Notice of the Motion to Adjudicate Lien upon HCC. Ill. S.Ct. R. 11 (1993). On September 12, 1996, a copy of the Motion and a notice that the Motion would be heard on September 18, 1996 were mailed to HCC's address. The bottom portion of the Notice included a certification that the notice was "deposit[ed] ... in the U.S. Mail ... with proper postage prepared." Ill. S.Ct. R. 11(b) provides that "[p]apers shall be served ... by depositing them in a United States post office ..., plainly addressed ... to the party a[t] his business address ..., with postage prepaid." Moreover, HCC admits that it received the notice on or about September 16, 1996, two days prior to the scheduled lien adjudication. The service/notice requirement having been satisfied, the Circuit Court's Order granting the Zilingers' Motion to Adjudicate Lien on

September 18, 1996 was valid. As such, it closed the case and there was nothing to remove on September 19, 1996.

### Conclusion

For the reasons stated above, the Zilingers' Motion to Remand is granted.

---

**3.** *Fremarek v. John Hancock Mut. Life Ins. Co.,* 272 Ill.App.3d 1067, 651 N.E.2d 601, 605, 209 Ill.Dec. 423 (1995), and *Augsburg v. Frank's Car Wash, Inc.,* 103 Ill.App.3d 329, 431 N.E.2d 58, 59 Ill.Dec. 39 (1982), do not require a different conclusion. The holdings in *Augsburg* and *Fre-marek* do not militate against this conclusion because their focus was the proper method for asserting personal jurisdiction, not whether personal jurisdiction was necessary for lien adjudication.