# Illinois Official Reports

## Appellate Court

<div style="border">

### *Smith v. Hammel*, 2014 IL App (5th) 130227

</div>

| | |
|---|---|
| Appellate Court Caption | ROBERT SMITH, Plaintiff-Appellant, v. JEFF HAMMEL, Defendant-Appellee.–JULIE GOSS, Plaintiff-Appellee, v. SMITH CHIROPRACTIC CENTER, Defendant-Appellant (MedStar Ambulance, Inc., Sparta Community Hospital, and Quality Health Care Clinic, Defendants). |
| District & No. | Fifth District<br>Docket Nos. 5-13-0227, 5-13-0293 cons. |
| Filed | July 23, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a dispute over a chiropractor's lien for treating a person injured in an automobile accident, the trial court, in ruling on the "Petition to Adjudicate Liens" filed by the patient's attorney, properly found the chiropractor in default when he failed to appear and "discharged and voided" the lien, and, after the settlement proceeds received by the patient were disbursed and the chiropractor filed a conversion action against the patient's attorney in another attempt to recover for his services, the trial court properly dismissed that claim on the ground that the order adjudicating the lien was *res judicata*, since the trial court did not need personal jurisdiction over the chiropractor, he was not required to be personally served with summons where the trial court had *in rem* jurisdiction over the settlement proceeds, the chiropractor had proper notice by mail and was properly found to be in default for failing to appear, his lien was properly adjudicated to $0, and the patient's attorney properly disbursed the settlement proceeds pursuant to the court's order. |
| Decision Under Review | Appeal from the Circuit Court of Randolph County, Nos. 11-LM-108, 10-CH-48; the Hon. Eugene E. Gross and the Hon. Andrew J. Gleeson, Judges, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | John D. Alleman, of Alleman & Hicks, of Carbondale, for appellants. |
| | Jeffrey S. Hammel, of Jeffrey S. Hammel Law Firm, of Belleville, for appellees. |
| Panel | PRESIDING JUSTICE WELCH delivered the judgment of the court, with opinion.<br>Justices Goldenhersh and Stewart concurred in the judgment and opinion. |

**OPINION**

¶ 1     On September 12, 2008, Julie Goss was involved in an automobile collision in which she suffered personal injuries. She was treated for those injuries by chiropractor Robert Smith, who rendered services in the total amount of $2,777.

¶ 2     Julie Goss instituted a claim against the driver of the other vehicle/tortfeasor through her attorney, Jeff Hammel, seeking recovery for her injuries. That claim was settled without the necessity of court action.

¶ 3     Prior to settlement of the claim, chiropractor Smith had notified Goss and attorney Hammel of his statutory lien on any settlement proceeds Goss might receive. That lien is provided by the Health Care Services Lien Act (the Act) (770 ILCS 23/1 *et seq.* (West 2010)), which provides that every health care provider that renders any medical services to an injured person shall have a lien upon all claims and causes of action of the injured person for the amount of the health care provider's reasonable charges. 770 ILCS 23/10(a) (West 2010). The Act requires the health care provider to notify both the injured party and the party against whom the claim or cause of action exists of the existence of the lien. 770 ILCS 23/10(b) (West 2010). Notice of the lien may be made by registered or certified mail or in person. 770 ILCS 23/10(b) (West 2010).

¶ 4     The Act further provides for adjudication of lien rights under the Act: "On petition filed by the injured person or the health care professional or health care provider and on the petitioner's written notice to all interested adverse parties, the circuit court shall adjudicate the rights of all interested parties ***." 770 ILCS 23/30 (West 2010).[1]

---

[1]Subsequent to the commencement of this action, effective January 1, 2013, section 30 of the Act was amended to add a paragraph providing that "[a] petition filed under this Section may be served upon the interested adverse parties by personal service, substitute service, or registered or certified mail." 770 ILCS 23/30 (West 2012).

¶ 5        After Goss's claim was settled, attorney Hammel filed, in the circuit court of Randolph County, a "Petition to Adjudicate Liens" pursuant to section 30 of the Act (No. 10-CH-48). Chiropractor Smith was notified of the petition to adjudicate liens by regular and certified mail. There is no dispute that Smith received a copy of the petition to adjudicate liens and a notice of the hearing on the petition. Nevertheless, Smith did not appear at the hearing on the petition to adjudicate liens, and in an order entered September 8, 2010, he was found to be in default. Smith's lien was therefore "discharged and voided." The settlement proceeds were disbursed in accordance with the court's order.

¶ 6        On March 13, 2012, chiropractor Smith filed a "Motion to Vacate Void Order" and a "Motion to Declare Order Void," arguing that he had not been personally served with summons and a copy of the petition to adjudicate liens, nor had he otherwise submitted himself to the jurisdiction of the court. He argued, therefore, that the order finding him in default and discharging and voiding his lien was void for lack of personal jurisdiction over him. The motions argue that simply sending a copy of the petition and notice of hearing is not sufficient to confer personal jurisdiction over a party; personal service of a summons and complaint is required.

¶ 7        After a hearing held April 19, 2012, Smith's motions were denied by order entered April 23, 2012. Smith's motion to reconsider was also denied in an order entered May 31, 2013. Smith appeals.

¶ 8        In a different but related case, also filed in the circuit court of Randolph County, chiropractor Smith brought suit against attorney Hammel for conversion (No. 11-LM-108). Smith's complaint, filed September 16, 2011, alleged that by failing to have Smith personally served with summons and complaint on the petition to adjudicate liens, and by appearing in court on the petition and proceeding to have an order entered discharging and voiding Smith's lien, Hammel had converted Smith's claim/assets. The suit sought damages in the amount of the lien, $2,777.

¶ 9        Hammel filed a motion to dismiss Smith's complaint, arguing that he had followed proper legal process in adjudicating the lien and that the court's order in that case resolved all issues. Smith responded that the court had not had personal jurisdiction over him to validly adjudicate his lien.

¶ 10       On March 1, 2012, the circuit court entered an order dismissing Smith's complaint for conversion against attorney Hammel. The court found that its order on the petition to adjudicate liens was *res judicata* and that Smith's claim for conversion was barred thereby. Smith's motion to reconsider was denied, and Smith appeals.

¶ 11       Because the two cases present precisely the same issue, they have been consolidated for our decision. In both cases, Smith argues that the circuit court's order adjudicating his lien rights is void as the court did not have personal jurisdiction over him or *in rem* jurisdiction over the settlement proceeds. We affirm both judgments.

¶ 12       The parties agree, as do we, that the appropriate standard of review is *de novo*. This appeal presents a question of law only, involving the interpretation of a statutory provision. It is well settled that where no genuine issue of material fact remains in dispute and a circuit court has issued a ruling of law, a reviewing court must use a *de novo* standard of review. *In re Estate of McInerny*, 289 Ill. App. 3d 589, 596 (1997); see also *Jayko v. Fraczek*, 2012 IL App (1st) 103665, ¶ 3 (a dispute over personal jurisdiction presents a question of law, and rulings as to questions of law are considered *de novo*).

¶ 13    The parties also agree, as do we, that where personal jurisdiction over the defendant is required, an order entered without personal jurisdiction is void *ab initio* as to that defendant and subject to direct or collateral attack at any time. *DiNardo v. Lamela*, 183 Ill. App. 3d 1098, 1101 (1989); see also *Jayko*, 2012 IL App (1st) 103665, ¶ 3. Nevertheless, because we find that the proceeding to adjudicate the liens was an *in rem* proceeding, we hold that personal jurisdiction over Smith by service of summons was not required.

¶ 14    Personal jurisdiction pertains to the authority of the court to litigate in reference to a particular defendant and to determine the rights and duties of that defendant. *In re Possession & Control of the Commissioner of Banks & Real Estate of Independent Trust Corp.*, 327 Ill. App. 3d 441, 463 (2001). It is black letter law that the alternative to personal jurisdiction is *in rem* jurisdiction or *quasi in rem* jurisdiction. *In re Possession of Banks & Real Estate*, 327 Ill. App. 3d at 463. This form of jurisdiction is concerned with the relationship between the defendant and the state with respect to specific property. *In re Possession of Banks & Real Estate*, 327 Ill. App. 3d at 463. *In rem* or *quasi in rem* proceedings do not require personal service of process. *In re Possession of Banks & Real Estate*, 327 Ill. App. 3d at 465.

¶ 15    A proceeding to adjudicate liens has specifically been held to be an *in rem* action. See *Zilinger v. Allied American Insurance Co.*, 957 F. Supp. 148, 149 (N.D. Ill. 1997); *Jayko v. Fraczek*, 2012 IL App (1st) 103665, ¶ 23.

¶ 16    In *Zilinger*, the plaintiffs were injured in an automobile accident and received a settlement from their insurance carrier. One of the plaintiffs' union benefit plans asserted a lien on the proceeds of the insurance settlement. The plaintiffs filed a motion to adjudicate the lien and served the union benefit plan by mail in accordance with Illinois Supreme Court Rule 11 (eff. Nov. 15, 1992). Nevertheless, the union benefit plan did not appear at the hearing.

¶ 17    On a motion for remand following removal to federal court, the benefit plan argued that the order adjudicating the lien was void because the circuit court had failed to obtain personal jurisdiction over it. The benefit plan argued that in order to have a valid lien adjudication, the circuit court must first obtain personal jurisdiction through service of summons on the parties. The plaintiffs argued that personal jurisdiction was not required, the proceeding being one *in rem*.

¶ 18    The district court agreed with the plaintiffs that the lien adjudication was an *in rem* action which did not require personal service of process:

> " 'there [is] a res upon which the court is acting.… [The] proceeding 'in rem' is one which … is brought to enforce a right in the thing itself.… [J]udgments in rem … operate directly upon the property and are binding upon all persons in so far as their interest in the property is concerned. [A] judgment in rem … creates no personal liability, especially as against those who, while interested in the property, have not been served with process and have not appeared in the action.' " *Zilinger*, 957 F. Supp. at 149 (quoting *Austin v. Royal League*, 316 Ill. 188, 193 (1925)).

¶ 19    The court held that the *res* was the insurance policy settlement proceeds and that the adjudication of the lien was a determination of competing rights in the settlement proceeds. *Zilinger*, 957 F. Supp. at 150. The circuit court's order did not create personal liability for the benefit plan, and personal service of summons was not required where supreme court rule allowed service by mail. *Zilinger*, 957 F. Supp. at 150. Accordingly, the lien adjudication was valid.

¶ 20    *Jayko v. Fraczek*, 2012 IL App (1st) 103665, a decision of the First District of this court, is precisely on point and is the case relied upon by the circuit court in reaching its decision herein. In *Jayko*, St. Alexius Medical Center (St. Alexius) appealed from an order denying its motion to readjudicate its health care provider's lien under the Act against Jayko's personal injury action, arguing that the original adjudication was void because St. Alexius had not been personally served with summons.

¶ 21    Jayko had been injured when he was struck by a car while riding his bike. He received treatment at St. Alexius. Jayko filed a lawsuit against the driver and owner of the car that had struck him, and St. Alexius notified Jayko's lawyer and the defendant-driver that it was asserting a lien under the Act on the proceeds of the cause of action. St. Alexius delivered this notice by certified mail, as provided for in section 10(b) of the Act (770 ILCS 23/10(b) (West 2006)). Jayko used certified mail to notify St. Alexius of the hearing date on the petition for adjudication. St. Alexius did not contend that it did not receive the notice. Nevertheless, St. Alexius did not appear at the hearing and its lien was adjudicated to $0.

¶ 22    In its motion to readjudicate the lien, St. Alexius argued that notice by certified mail was insufficient to vest the circuit court with personal jurisdiction over it and that it was entitled to be personally served with summons of process. In denying the motion, the circuit court stated that it was relying on the decision in *Zilinger* for the proposition that a lien adjudication is an *in rem* proceeding and does not require service of summons to the lienholder because the court does not need to acquire personal jurisdiction. The appellate court agreed.

¶ 23    Applying principles of statutory construction, the appellate court concluded that it had been the intent of the legislature to allow both notice of the existence of the lien and notice of the hearing on the petition to adjudicate the lien to be made by registered or certified mail, or in person. Section 10(b) of the Act refers to "written notice" of the existence of the health care provider's lien and specifically provides that service of that written notice shall be by registered or certified mail or in person. Section 30 of the Act also refers to "written notice" of the petition to adjudicate the lien, but does not specifically mention the method of service of this written notice. Construing these two statutory provisions together, as it must, the appellate court concluded that the legislature intended that both notices were adequately served by registered or certified mail or in person. The court rejected the notion that the legislature intended to impose on the injured plaintiff the added expense and responsibility of filing a complaint and obtaining personal service of the complaint. Accordingly the court construed section 30 of the Act to provide for written notice of the petition to adjudicate the lien to be served by registered or certified mail or in person. *Jayko*, 2012 IL App (1st) 103665, ¶ 15.

¶ 24    The court then addressed the question of whether due process considerations required personal service of the petition to adjudicate the lien, and it concluded that they did not. Relying on the decision in *Zilinger*, which it found to be "well founded in Illinois law" (*Jayko*, 2012 IL App (1st) 103665, ¶ 22), the court held that Jayko's settlement proceeds were a *res* and that the circuit court's adjudication of the statutory liens thereon was an *in rem* proceeding for which personal service on and personal jurisdiction over the health care provider were unnecessary. Thus, Jayko had not only complied with section 30 of the Act but also satisfied due process when he gave notice to St. Alexius through certified mailing. *Jayko*, 2012 IL App (1st) 103665, ¶ 23.

¶ 25     Chiropractor Smith argues that the instant proceeding was not one *in rem* because Goss's settlement occurred prior to the filing of any suit. Accordingly, Smith argues, the circuit court never acquired *in rem* jurisdiction over the *res*, the settlement proceeds. Smith argues that *Jayko* is distinguishable in this respect because in *Jayko*, the plaintiff-patient had filed suit against the tortfeasor and settled that lawsuit, creating a *res* under the jurisdiction of the court.

¶ 26     Smith's argument is somewhat circular: only by acquiring personal jurisdiction over the parties who created the *res*, the settlement proceeds, does the court acquire *in rem* jurisdiction over the *res* itself. But, of course, *in rem* jurisdiction is not acquired by obtaining personal jurisdiction over the parties who create the *res*. *In rem* jurisdiction rests exclusively on the situs of the *res*. *McCallum v. Baltimore & Ohio R.R. Co.*, 379 Ill. 60, 69 (1942). The funds need not have been paid into the court in order for the court to have *in rem* jurisdiction over them; the state has *in rem* jurisdiction over property located within its borders. *McCallum*, 379 Ill. at 69. In any event, perhaps the simple answer to this argument is that the court acquired *in rem* jurisdiction over the *res*, the settlement proceeds, upon the filing of the petition to adjudicate liens.

¶ 27     In summary, we hold that for purposes of adjudicating Smith's lien, the circuit court did not need personal jurisdiction over Smith, nor was Smith required to be personally served with summons of process. The court had *in rem* jurisdiction over the settlement proceeds against which the lien had been asserted and could therefore adjudicate Smith's rights with respect to that *res*. Smith having received proper notice by mail of the proceeding to adjudicate the lien, and having failed to appear thereon, the circuit court did not err in finding Smith to be in default and in adjudicating his lien to $0. Accordingly, we affirm the court's order in No. 10-CH-48.

¶ 28     Furthermore, the circuit court did not err in dismissing Smith's complaint against attorney Hammel alleging conversion by Hammel of the property against which Smith's lien was asserted. Hammel acted pursuant to a valid court order in disbursing the settlement proceeds. He cannot be held liable to Smith in conversion. Accordingly, we affirm the court's order in No. 11-LM-108.

¶ 29     For the foregoing reasons the orders of the circuit court of Randolph County are hereby affirmed.

¶ 30     Affirmed.