NOTICE
Decision filed 06/26/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250309-U

NO. 5-25-0309

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| XIAOLIN ZHENG and KEZHONG XIE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioners-Appellants, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 25-CH-13 |
| | ) | |
| ILLINOIS STATE POLICE, | ) | Honorable |
| | ) | Stacy L. Campbell, |
| Respondent-Appellee. | ) | Judge, presiding. |

_____

JUSTICE CLARKE delivered the judgment of the court.
Justices McHaney and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court of St. Clair County lacked jurisdiction to enter its April 7, 2025, and April 11, 2025, orders directing the transfer and disposition of the seized property, because Madison County retained exclusive *in rem* jurisdiction over the seized property after dismissing its forfeiture action without a disposition order. The St. Clair County court's orders are therefore void. Following *People v. Bailey*, we vacate the April 7, 2025, and April 11, 2025, orders and direct the circuit court to dismiss the underlying action for lack of jurisdiction.

¶ 2    The petitioners, Xiaolin Zheng and Kezhong Xie, appeal from the April 7, 2025, order of the circuit court of St. Clair County dissolving a temporary restraining order and directing that $250,000 in seized currency be transferred to Callaway County, Missouri, pursuant to a search warrant. The circuit court further ordered that the petitioners' 2017 Lexus RX 350 be returned to their counsel and that the remaining $400 in seized currency be temporarily held, with its return ordered on April 11, 2025. On appeal, the petitioners argue that the circuit court lacked jurisdiction

1

to authorize the transfer of the $250,000 because Madison County—having initiated and dismissed the underlying forfeiture action without disposing of the *res*—retained exclusive *in rem* jurisdiction over all seized property. The petitioners further contend the court erred in allowing the out-of-state transfer in contravention of the existing injunctive order. For the following reasons, we vacate the circuit court's order transferring or disposing of the seized property.

¶ 3         I. BACKGROUND

¶ 4  We limit our recitation to the facts necessary for the disposition of this appeal. On June 25, 2024, Illinois State Police (ISP) officers seized approximately $250,000 in U.S. currency, an additional $400, and a 2017 Lexus RX 350 from the petitioners during a traffic stop in Madison County. The seized property was transported to and stored by the Metropolitan Enforcement Group of Southern Illinois (MEGSI), a multi-agency task force of ISP, in its evidence facility located in St. Clair County.

¶ 5  Madison County subsequently filed felony money laundering charges and initiated a civil forfeiture action (24-MX-732) under article 29B of the Criminal Code of 2012 (720 ILCS 5/art. 29B (West 2022)). The petitioners filed a verified claim asserting lawful ownership of the seized property, and the State moved to strike the claim. Before any evidentiary proceedings occurred, the State dismissed the criminal charges on March 20, 2025, and dismissed the forfeiture action on March 21, 2025. The dismissal order did not direct the disposition of the seized property, which remained in an evidence facility located in St. Clair County.

¶ 6  On March 24, 2025, the petitioners filed the present action in St. Clair County (25-CH-13), seeking to enjoin ISP from transferring the property and to compel its return. The petitioners alleged that ISP intended to deliver the $250,000 to Callaway County, Missouri, where criminal charges for stealing by deceit had been filed against them on March 10, 2025, and asserted that,

2

following dismissal of the Madison County forfeiture action without a disposition order, Illinois forfeiture law required the property to be returned to them.

¶ 7    On March 25, 2025, the St. Clair County circuit court entered a temporary restraining order (TRO) directing ISP to retain all of the seized property pending a hearing set for April 3, 2025. The TRO acknowledged Missouri's asserted interest but noted that no Illinois court had ordered the property transferred.

¶ 8    On April 3, 2025, several parties appeared for the scheduled hearing. Earlier that morning, a different St. Clair County judge signed a search warrant authorizing Callaway County authorities to seize and remove the $250,000 from ISP to Missouri for use as evidence in the criminal prosecution there. At the hearing, the circuit court was advised of the new warrant. The petitioners argued that obtaining a warrant from a different judge directly conflicted with the March 25 TRO, which required the property to remain in St. Clair County. They further argued that the State was attempting an improper "end around" of that order. The court then heard each entity's asserted interest: Madison County disclaimed any further interest; ISP stated it had no interest and sought direction; St. Clair County took no position; and Missouri asserted an evidentiary claim. The circuit court expressed concern that the warrant's execution might cause the court to "lose jurisdiction" and ultimately indicated the court would dissolve the TRO and permit transfer of the property to Missouri via the search warrant.

¶ 9    On April 7, 2025, the circuit court entered an order noting a "stipulation to jurisdiction by all parties," dissolving the TRO, and directing (1) return of the Lexus to the petitioners' counsel, (2) transfer of the $250,000 to Callaway County pursuant to the search warrant, and (3) retention of the remaining $400 pending further proceedings. On April 11, 2025, the circuit court ordered the $400 returned to the petitioners' counsel. The petitioners filed a timely notice of appeal.

¶ 10    During the pendency of this appeal, this court resolved a separate but related Madison County forfeiture appeal, *People ex rel. Haine v. 2017 Lexus RX 350*, 2026 IL App (5th) 250295-U, ¶ 34, holding that the Madison County circuit court retained *in rem* jurisdiction over all seized property, because it dismissed the forfeiture action without entering a judicial disposition order.

¶ 11                                    II. ANALYSIS

¶ 12    As a threshold matter, we consider our appellate jurisdiction. On April 7, 2025, the circuit court entered an order returning the Lexus to petitioners' counsel, directing that $250,000 be transferred to Callaway County, Missouri, and holding the remaining $400 pending a further hearing. That order was nonfinal because it did not resolve all matters before the court. However, on April 11, 2025, the circuit court entered an order returning the $400 to petitioners' counsel, thereby resolving all issues related to the seized property, and expressly stating, "This is a final and appealable order. Case closed." The April 11 order therefore constituted a final and appealable judgment. See *State Farm Fire & Casualty Co. v. John J. Rickhoff Sheet Metal Co.*, 394 Ill. App. 3d 548, 556 (2009).

¶ 13    ISP argues that the petitioners' notice of appeal filed on April 14, 2025, listed "only the April 7 order," a nonfinal order. Although the notice of appeal only refers to the April 7 order as the judgment appealed from, we note that both the April 7 and April 11 orders were included and attached to the notice. Considering the notice as a whole and given that ISP, in its brief, states that jurisdiction "likely" exists under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994), we conclude that we have jurisdiction to review both the April 7 and April 11 orders. A notice of appeal is generally construed liberally. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). A notice of appeal will generally "confer jurisdiction on an appellate court if the notice, when considered as a whole, fairly and adequately sets out the judgment complained of and the relief sought so that the successful

4

party is advised of the nature of the appeal." (Internal quotation marks omitted.) *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 22.

¶ 14 On appeal, the petitioners argue that the circuit court of St. Clair County lacked jurisdiction to enter its April 7, 2025, order directing that $250,000 in seized currency be transferred to Callaway County, Missouri. The petitioners contend that because Madison County had already exercised *in rem* jurisdiction over all seized property in the earlier forfeiture case, and because that court dismissed the action without a disposition order, Madison County retained exclusive authority over the *res*. They further argue that St. Clair County's *in personam* jurisdiction over the Illinois State Police could not confer authority to dispose of property already under another court's continuing *in rem* control. The State responds that the St. Clair action was purely *in personam* and that the court possessed the authority to direct ISP to act in accordance with a valid search warrant. We note that, although the petitioners represented in the circuit court that St. Clair County possessed authority to act, a party's prior position does not bar review of a jurisdictional defect. See *Barnard v. Michael*, 392 Ill. 130, 135 (1945) (a void order may be attacked at any time).

¶ 15 Whether a circuit court possessed subject matter or *in rem* jurisdiction is reviewed *de novo*. See *Marque Medicos Fullerton, LLC v. Zurich American Insurance Co.*, 2017 IL App (1st) 160756, ¶ 31 (questions relating to circuit court's jurisdiction present questions of law subject to *de novo* review). "A judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally." *Barnard*, 392 Ill. at 135. *In rem* jurisdiction attaches when a court asserts judicial control over seized property, typically through the initiation of a forfeiture proceeding. *People*

*ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL 126927, ¶ 20 (circuit court had *in rem* jurisdiction over currency based upon the State's seizure and filing of a forfeiture action).

¶ 16     In a separate and prior appeal arising from Madison County involving the same seized property, this court held that the Madison County circuit court's *in rem* jurisdiction first attached when the State initiated forfeiture proceedings, and the court retained *in rem* jurisdiction because it dismissed the forfeiture action without directing the disposition of the property. See *2017 Lexus RX 350*, 2026 IL App (5th) 250295-U, ¶ 34. Thus, Madison County retained exclusive authority over the *res*. *Id.* Under long-standing principles, the court that first acquires *in rem* jurisdiction retains exclusive control over the property to the exclusion of others until disposition. *Penn General Casualty Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935); *People v. Keys*, 324 Ill. App. 3d 630, 635 (2001) ("Courts are rightfully jealous of their jurisdiction, and once they have assumed it they should not be considered to have surrendered it until they have expressly done so."). Further, once a court's *in rem* jurisdiction has attached, the subsequent removal or transfer of the property does not, by itself, divest that court of jurisdiction. See *Republic National Bank of Miami v. United States*, 506 U.S. 80, 88-93 (1992) (rejecting any requirement of continuous control of the *res*). These principles collectively support that Madison County's jurisdiction over the seized currency and vehicle remained exclusive notwithstanding the location of the seized property in St. Clair County.

¶ 17     Because Madison County retained exclusive *in rem* jurisdiction, no other Illinois circuit court—including St. Clair County—could transfer, dispose of, or direct the ultimate custody of the seized currency or vehicle. Once a court has validly assumed *in rem* jurisdiction, that jurisdiction remains exclusive even if another authority later obtains physical possession of the property. *United States v. One 1979 Chevrolet C–20 Van*, 924 F.2d 120, 122-23 (7th Cir. 1991) (state court

retained exclusive jurisdiction over seized vehicle despite federal agents taking possession). St. Clair County's orders directing the transfer of $250,000 to another jurisdiction and return of the remaining seized property was therefore not simply a command to a party, but an assertion of control over the *res* itself—relief that only the court first acquiring *in rem* jurisdiction may exercise. Because Madison County had already assumed and retained that authority, St. Clair County lacked power to enter orders determining the disposition of the property.

¶ 18    The State's reliance on the St. Clair County circuit court's *in personam* jurisdiction over the Illinois State Police does not alter this result. Personal jurisdiction concerns the court's authority to adjudicate the rights and obligations of a particular party. *Smith v. Hammel*, 2014 IL App (5th) 130227, ¶ 14. In contrast, *in rem* and *quasi in rem* jurisdiction concern the court's authority over specific property and the relationship between that property, the litigants, and the State. *Id.*

¶ 19    Although ISP characterizes the St. Clair County proceedings as purely *in personam* and the nature of the case is framed as injunctive relief, the April 7 order did far more than direct the conduct of a party. It determined the custody and disposition of the seized currency and vehicle— relief that operates directly on the *res* and is the hallmark of an exercise of *in rem* jurisdiction. See *Austin v. Royal League*, 316 Ill. 188, 193 (1925) (a distinguishing characteristic of judgments *in rem* is that they operate directly upon the property). Because Madison County had previously acquired and retained exclusive *in rem* jurisdiction over the seized property, St. Clair County lacked authority to enter an order directing its transfer or disposition. See *Penn General Casualty Co.*, 294 U.S. at 195; *Keys*, 324 Ill. App. 3d at 635.

¶ 20    Further, the April 7 order's reference to a "stipulation to jurisdiction by all parties" does not alter this result. Even assuming St. Clair County had subject matter jurisdiction generally and

7

personal jurisdiction over ISP, it exceeded its authority when it ordered the disposition and transfer of the seized property, because Madison County's exclusive *in rem* jurisdiction had already attached and remained intact absent a judicial disposition of the *res*. *Hammel*, 2014 IL App (5th) 130227, ¶ 26 ("*in rem* jurisdiction is not acquired by obtaining personal jurisdiction over the parties who create the *res*"). Accordingly, because the April 7 order operated as a disposition of the *res* and because only Madison County possessed continuing *in rem* jurisdiction over that property, the St. Clair County court lacked authority to enter the order.

¶ 21   Nor can the issuance of a search warrant confer jurisdiction otherwise lacking. If a property is already under the judicial custody of another court, a second court may not enter orders that effectively transfer or dispose of the *res*. See *Penn General Casualty Co.*, 294 U.S. at 195; *Republic National Bank of Miami*, 506 U.S. at 88-93; *Keys*, 324 Ill. App. 3d at 635. Thus, while the April 3, 2025, warrant may have been validly issued in isolation, it could not expand St. Clair County's jurisdictional authority to order the disposition of the property.

¶ 22   While we recognize that St. Clair County was simply endeavoring to provide a resolution to seized property left in legal limbo by Madison County, we cannot ignore the unique principles set forth above regarding *in rem* jurisdiction doctrine. Because St. Clair County lacked *in rem* jurisdiction, its April 7, 2025, order directing the transfer of $250,000 to Callaway County and return of the Lexus was entered without authority and is void. The April 11, 2025, order directing the return of $400 suffers the same result.

¶ 23   Under *People v. Bailey*, 2014 IL 115459, ¶¶ 28-29, the appropriate appellate disposition where the trial court lacked jurisdiction is not dismissal of the appeal, but vacatur of the void judgment and dismissal of the underlying action for lack of jurisdiction. As *Bailey* explains, dismissal of the appeal would improperly leave the void judgment intact; instead, the appellate

court must recognize the jurisdictional defect, correct it, and direct the trial court to dismiss the action. *Id.*

¶ 24    Accordingly, because St. Clair County lacked authority to dispose of property within Madison County's exclusive *in rem* jurisdiction, the April 7 and April 11, 2025, orders are void and must be vacated, and the action in St. Clair County (25-CH-13) must be dismissed. In light of this jurisdictional conclusion, we do not reach the petitioners' remaining arguments.

¶ 25                                III. CONCLUSION

¶ 26    For the reasons stated, we vacate the circuit court's April 7 and April 11, 2025, orders and remand with directions that the circuit court dismiss the underlying action for lack of jurisdiction.


¶ 27    Vacated and remanded with directions.