NOTICE
Decision filed 03/10/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 140267

NOS. 5-14-0267, 5-14-0279 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| PATTON BRADLEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellant and Cross-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 13-MR-82 |
| | ) | |
| THE CITY OF MARION, ILLINOIS, and THE ILLINOIS PUBLIC RISK FUND, | ) | |
| | ) | |
| | ) | Honorable |
| Defendants and Counterplaintiffs-Appellees and Cross-Appellants. | ) | Brad K. Bleyer, |
| | ) | Judge, presiding. |

_____

JUSTICE STEWART delivered the judgment of the court, with opinion.
Justices Schwarm and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Patton Bradley, filed a complaint for a declaratory judgment against his employer, the City of Marion, Illinois, and its workers' compensation insurer, the Illinois Public Risk Fund (collectively referred to as the defendants). The defendants filed a counterclaim for declaratory judgment. The plaintiff and the defendants asked the circuit court to decide whether the plaintiff could seek additional benefits under the Illinois Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 2012)), following the plaintiff's settlement of a third-party tort claim that arose from the

1

workplace accident. The circuit court, *sua sponte*, held that it lacked subject matter jurisdiction to decide the controversy. Both the plaintiff and the defendants appeal the circuit court's ruling. We affirm.

¶ 2                                BACKGROUND

¶ 3    The complaint and counterclaim stem from a work-related vehicle accident in which a third party was at fault. As a result of the accident, the plaintiff filed a claim with the Illinois Workers' Compensation Commission (the Commission) seeking workers' compensation benefits under the Act and also filed a third-party lawsuit in federal court against the driver of the vehicle who caused the accident. The defendants paid the plaintiff workers' compensation benefits and intervened in the plaintiff's federal lawsuit to protect their lien against any funds the plaintiff recovered against the third party.[1]

¶ 4    In August 2012, the plaintiff settled his third-party claim against the driver for $650,000, and the defendants were reimbursed $190,112.89 for benefits they had paid on behalf of the plaintiff because of his injuries. That amount represented 75% of the total lien amount they claimed. On October 19, 2012, the defendants signed a release of lien in conjunction with the settlement. At the time of this third-party settlement, the claimant's workers' compensation claim was still pending. The plaintiff moved to

---

[1]Section 5(b) of the Act (820 ILCS 305/5(b) (West 2012)) "grants an employer a lien on an employee's recovery against a third-party tortfeasor, up to the amount of the workers' compensation benefits paid to the employee." *Taylor v. Pekin Insurance Co.*, 231 Ill. 2d 390, 391-92, 899 N.E.2d 251, 252 (2008).

2

voluntarily dismiss his workers' compensation claim, which the Commission granted on November 7, 2012. On December 12, 2012, the plaintiff refiled the compensation claim.

¶ 5     A dispute arose between the plaintiff and the defendants concerning the effect of the settlement of the third-party lawsuit and the release of lien signed by the defendants. The defendants maintained that the plaintiff's settlement of the third-party claim included a waiver of any further claim to workers' compensation benefits from the defendants. The plaintiff, however, maintained that he is entitled to pursue additional workers' compensation benefits and that the defendants waived their right to any further credit for such benefits from the $650,000 settlement. This dispute resulted in the plaintiff filing the complaint for declaratory judgment and the defendants filing the counterclaim for declaratory judgment, each party requesting the circuit court to resolve this dispute.

¶ 6     In his complaint for declaratory judgment, the plaintiff cited section 23 of the Act, which states that an employee cannot waive the amount of compensation which may be payable to the employee except after approval by the Commission. 820 ILCS 305/23 (West 2012). The plaintiff requested the circuit court to declare that he did not waive his right to recover additional compensation benefits under the Act as a result of his settlement of the third-party lawsuit because the Commission has not approved any waiver. The plaintiff also requested the court to declare that the release of lien signed by the defendants precluded them from any further reimbursement or credit from his settlement with the third-party tortfeasor should he be awarded additional workers' compensation benefits.

¶ 7     In their counterclaim, the defendants alleged a count for breach of contract and a count requesting a declaratory judgment.  The defendants alleged that during the settlement conference in the federal third-party lawsuit, the parties agreed that the settlement of that case would include a settlement and closure of the pending workers' compensation claim, effectively closing out the benefits under the Act that would be payable to the plaintiff by the defendants.  According to the defendants, this agreement was memorialized both during the conference call with the federal magistrate and in subsequent correspondence between the parties' attorneys.  The defendants alleged that they agreed to accept a fraction of their total lien amount in exchange for the plaintiff's waiver of any future rights to benefits under the pending workers' compensation claim.  In their declaratory judgment count, they requested the circuit court to establish that the settlement of the federal case extinguished all avenues of recovery for the plaintiff stemming from the vehicle accident, including any further benefits under the Act.[2]

¶ 8     At a pretrial hearing, the circuit court, *sua sponte*, raised an issue concerning its jurisdiction to address the merits of the parties' dispute.  The circuit court stated that the issues concern whether the plaintiff can continue to seek benefits in a pending workers'

---

[2]The defendants' counterclaim also included a count III, purporting to be a third-party complaint against Moorman Farms, Inc., as a necessary party.  Moorman Farms, Inc., was a defendant in the plaintiff's federal lawsuit and was a party to the settlement of that case.

4

compensation claim or whether his right to further compensation benefits was waived pursuant to the settlement reached in the third-party proceeding. The court believed that the issue of whether the plaintiff can continue to pursue workers' compensation benefits in a pending claim involves "weighing credibility of witnesses and applying applicable law pursuant to the [Act]." The circuit court believed that the Commission was in the best position to resolve the contested issues.

¶ 9 The court, therefore, dismissed the plaintiff's complaint and the declaratory judgment count in the defendants' counterclaim. The court stayed any further proceedings on the defendants' breach of contract counterclaim pending further proceedings before the Commission. The court made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) that there is no just reason for delaying an appeal of the dismissal order. The plaintiff appealed, and the defendants cross-appealed.

¶ 10 On appeal, all of the parties request this court to reverse the circuit court's order and remand for further proceedings on their respective requests for declaratory judgments. For the following reasons, we affirm the circuit court's dismissal order due to a lack of subject matter jurisdiction over the parties' controversy.

¶ 11                                    ANALYSIS

¶ 12 Initially, we note that the circuit court dismissed the declaratory judgment complaint and counterclaim after determining that it lacked jurisdiction. It did not address the merits of the complaint or the counterclaim. Therefore, the only issue before us in this appeal concerns the jurisdiction of the circuit court to consider the merits of the

5

parties' controversy. *Nestle USA, Inc. v. Dunlap*, 365 Ill. App. 3d 727, 731, 852 N.E.2d 282, 285 (2006). We review *de novo* the question of whether a circuit court has subject matter jurisdiction. *McCormick v. Robertson*, 2014 IL App (4th) 140208, ¶ 15, 15 N.E.3d 968, *appeal allowed*, No. 118230 (Ill. Oct. 7, 2014).

¶ 13 All of the parties in this appeal have filed briefs in support of reversing the circuit court's decision with respect to its jurisdiction. However, the parties' united stance against the circuit court's ruling does not require us to reverse the ruling. Illinois courts have an independent duty to consider subject matter jurisdiction. *In re Rico L.*, 2012 IL App (1st) 113028, ¶ 109, 977 N.E.2d 1100. Subject matter jurisdiction cannot be waived, stipulated to, or consented to by the parties. *Dig Right In Landscaping v. Illinois Workers' Compensation Comm'n*, 2014 IL App (1st) 130410WC, ¶ 24, 16 N.E.3d 739. The circuit court can raise the issue *sua sponte* at any time, as it did in the present case, because the lack of subject matter jurisdiction deprives the trial court of all power except to dismiss the action. *Brandon v. Bonell*, 368 Ill. App. 3d 492, 501-02, 858 N.E.2d 465, 477 (2006). Likewise, Illinois appellate courts also have an independent obligation to consider matters that go to the jurisdiction of the circuit court. *Baldwin v. Illinois Workers' Compensation Comm'n*, 409 Ill. App. 3d 472, 476, 949 N.E.2d 1151, 1155 (2011). Accordingly, we are obligated to independently analyze the circuit court's subject matter jurisdiction even though the parties are allied in favor of the circuit court exercising original subject matter jurisdiction over their controversy.

¶ 14 Subject matter jurisdiction concerns the authority of the court "to hear and determine cases of the general class to which the proceeding in question belongs."

6

(Internal quotation marks omitted.) *In re M.W.*, 232 Ill. 2d 408, 415, 905 N.E.2d 757, 763 (2009). In Illinois, circuit courts have original jurisdiction over all justiciable matters. *Hastings Mutual Insurance Co. v. Ultimate Backyard, LLC*, 2012 IL App (1st) 101751, ¶ 31, 965 N.E.2d 656. However, the legislature may vest exclusive original jurisdiction in administrative agencies "when it has explicitly enacted a comprehensive statutory administrative scheme." *Id.*

¶ 15 Section 18 of the Act (820 ILCS 305/18 (West 2012)) states as follows: "All questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." Section 19(f) of the Act (820 ILCS 305/19(f) (West 2012)), in turn, limits the role of the circuit court in workers' compensation proceedings to appellate review only. *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 157, 601 N.E.2d 720, 727 (1992). Under this comprehensive statutory administrative scheme, the legislature has vested exclusive original jurisdiction in the Commission over matters involving an injured worker's rights to benefits under the Act and an employer's defenses to claims under the Act.

¶ 16 For example, in *Hartlein*, an injured employee who had filed a claim for workers' compensation benefits brought an action in the circuit court seeking to enjoin his employer from discharging him from employment. *Id.* at 151, 601 N.E.2d at 724. When the claimant was injured, he began receiving temporary total disability (TTD) benefits in accordance with the Act. *Id.* at 147, 601 N.E.2d at 722. A dispute arose between the employee and the employer concerning his rehabilitation and ability to work. *Id.* at 148-49, 601 N.E.2d at 723. During the course of this dispute, the employee's attorney became

7

concerned that the employer intended to discharge the claimant from employment. *Id.* at 149-50, 601 N.E.2d at 723-24. The employer sent a letter to the claimant directing him to start a job search, and the employee alleged in his complaint requesting injunctive relief that the letter directing him to begin a job search was the start of "the process of retaliatory discharge." (Internal quotation marks omitted.) *Id.* at 151, 601 N.E.2d at 724. At a hearing, a representative of the employer testified that the employer did not intend to terminate the employee but intended on terminating TTD benefits in accordance with the Act if the employee did not make a *bona fide* effort to find another job. *Id.* at 152, 601 N.E.2d at 724.

¶ 17 The circuit court entered a preliminary injunction that prevented the employer from discharging the injured worker, "changing the status quo," or discontinuing any "rights or benefits or privileges" of his employment. (Internal quotation marks omitted.) *Id.* at 151, 601 N.E.2d at 724. The circuit court added that it was not enjoining the employer from "applying or petitioning *** the *** Commission on any matter." (Internal quotation marks omitted.) *Id.* at 152, 601 N.E.2d at 725. On appeal, the supreme court addressed the circuit court's subject matter jurisdiction to enter this preliminary injunction.

¶ 18 The supreme court began its analysis by holding that in workers' compensation proceedings, the circuit court's role is limited under section 19(f) of the Act to "appellate only." *Id.* at 157, 601 N.E.2d at 727. The court stated: "The circuit courts have no original jurisdiction over workers' compensation proceedings, wherein benefits are determined, under the Act. Under section 19(f) of the Act, the circuit courts exercise a

8

special statutory jurisdiction and have only the powers that are conferred by statute." *Id*. at 158, 601 N.E.2d at 727.

¶ 19    In analyzing the circuit court's jurisdiction to enter the preliminary injunction, the court held that any right of the injured employee to a continuation of his TTD benefits is within the province of the Commission under the Act's statutory scheme. *Id* at 157-58, 601 N.E.2d at 727. The supreme court stated that the appellate court recognized that it lacked jurisdiction to enjoin the employer from discontinuing workers' compensation benefits and narrowly construed the trial court's injunction to enjoining only the employee's discharge. *Id*. at 158, 601 N.E.2d at 727. The supreme court disagreed with that analysis, however, because it believed that the preliminary injunction prohibited the employer from discontinuing the employee's "workers' compensation benefits as well, despite the limiting language contained in the trial court's order, which pertained to the absence of restraints upon the *** Commission." *Id*. at 158, 601 N.E.2d at 727-28. The court noted that the employee interpreted the injunction as restraining the employer from terminating his TTD benefits. *Id*. at 158, 601 N.E.2d at 728. The *Hartlein* court concluded that "to the extent that the order is susceptible to interpretation as enjoining [the employer] from discontinuing [the employee's] workers' compensation benefits, such an order is beyond the scope of the trial court's authority." *Id*. at 158-59, 601 N.E.2d at 728. The court continued, "Any right [the employee] might have had to continued TTD benefits was not properly protectible by means of the preliminary injunction." *Id*. at 159, 601 N.E.2d at 728.

9

¶ 20    In *Hollywood Trucking, Inc. v. Watters*, 385 Ill. App. 3d 237, 895 N.E.2d 3 (2008), the court addressed the circuit court's subject matter jurisdiction to hear a case by an employer against an employee alleging fraudulent misrepresentation during a medical examination.   The court cited *Hartlein* and held that the circuit court lacked subject matter jurisdiction because the employer's claim concerned the employee's right to workers' compensation benefits.  *Id*. at 245, 895 N.E.2d at 10-11.

¶ 21    In that case, the employee was a truck driver who injured his back in a work-related accident and filed a workers' compensation claim.  *Id*. at 239, 895 N.E.2d at 6. The employer initially paid benefits under the Act, but later maintained that the employee was not eligible for workers' compensation benefits.  *Id*.  The employer argued that, at the time it hired the employee and prior to his work accident, the employee improperly obtained a medical examiner's certificate stating that he was physically qualified to operate and control a commercial motor vehicle.  *Id*.  The Department of Transportation requires commercial truck drivers to obtain this medical certificate, and according to the employer, the employee fraudulently obtained his certificate by making false representations to the medical examiner concerning his medical condition, specifically conditions involving his back.  *Id*.

¶ 22    The employer filed the complaint against the employee seeking repayment of the workers' compensation benefits it had paid; the employer alleged a fraud theory that was based on the employee's misrepresentation of his physical condition at the time he was hired.  *Id*. at 240, 895 N.E.2d at 7.  The *Hollywood Trucking* court affirmed the trial

court's dismissal of the claim against the employee due to a lack of subject matter jurisdiction. *Id*. at 245, 895 N.E.2d at 11.

¶ 23 On appeal, the employer argued that there were no provisions in the Act concerning restitution or the repayment of compensation benefits; therefore, it could bring the action only in the circuit court as a common law action for fraud. *Id*. at 244, 895 N.E.2d at 10. The appellate court, however, disagreed. Citing *Hartlein*, the court stated, "The Illinois Supreme Court has determined that the circuit courts have no original jurisdiction in cases involving a determination of workers' compensation benefits." *Id*. at 244-45, 895 N.E.2d at 10. The court stated that the allegations against the employee "involve factual issues regarding accident, causal connection, the nature and extent of the injury, and the employer's potential defenses, and these are proper subjects for the Commission in the first instance." *Id*. at 245, 895 N.E.2d at 11. "In cases involving a determination of an employee's entitlement to workers' compensation benefits and the employer's defenses to the claim, the circuit court's role is appellate only." *Id*.

¶ 24 In the present case, the plaintiff's complaint alleges that the defendants are attempting to improperly deny workers' compensation benefits based on the settlement of the third-party proceeding. The plaintiff cites the provision in section 23 of the Act that requires approval of the Commission before an employer may enter into any payment purporting to compromise or settle an employee's right to benefits under the Act. 820 ILCS 305/23 (West 2012). The plaintiff also cites section 5(b) of the Act in reference to the effect of the release of lien signed by the defendants with respect to their rights to further credits. 820 ILCS 305/5(b) (West 2012). In response, the defendants asked the

11

court to establish that the plaintiff is not entitled to any further benefits under the Act because of the "global settlement" of the third-party lawsuit.

¶ 25 The substance of these arguments concerns the plaintiff's entitlement to workers' compensation benefits and the defendants' defenses to the plaintiff's workers' compensation claim. Therefore, these issues fall squarely within the purview of the Commission's exclusive jurisdiction under the comprehensive statutory administrative scheme established by the legislature. The plaintiff has a workers' compensation claim pending, and the Commission is charged with resolving disputes, legal and factual, that determine a claimant's rights to compensation benefits. In *Hartlein*, the supreme court held that a trial court's preliminary injunction improperly enjoined an employer from discontinuing an injured employee's compensation benefits. Likewise, in the present case, a declaratory judgment by the circuit court would improperly determine whether the plaintiff can or cannot seek benefits under the Act. The circuit court does not have original jurisdiction to make this determination; its jurisdiction in this type of case is "appellate only." *Hartlein*, 151 Ill. 2d at 157, 601 N.E.2d at 727. In the present case, "[a]ny right [the plaintiff] might have *** to continued [workers' compensation] benefits [is] not properly protectible by means of [a declaratory judgment]." *Id.* at 159, 601 N.E.2d at 728.

¶ 26 The parties argue that the circuit court has jurisdiction because the disputed issues concern questions of law. The circuit court disagreed and believed that the issues also raised questions of fact. We need not determine whether the declaratory judgment

12

complaint and counterclaim raise only issues of law. Our analysis of the circuit court's jurisdiction does not hinge on whether the parties have raised only questions of law.

¶ 27    Section 18 of the Act provides, "*All questions* arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." (Emphasis added.) 820 ILCS 305/18 (West 2012). Section 19 further states that "[a]ny disputed questions of *law or fact* shall be determined" by the Commission. (Emphasis added.) 820 ILCS 305/19 (West 2012). Therefore, the legislature's comprehensive statutory administrative scheme does not carve out exceptions to the Commission's exclusive jurisdiction for declaratory judgment actions raising only questions of law arising under the Act. Instead, the Commission's exclusive jurisdiction includes all questions, law and fact, arising under the Act. The Commission "shall" decide these issues. As noted above, the questions presented by the parties in the present case are questions that directly concern the plaintiff's right to seek benefits under the Act.

¶ 28    The parties cite *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284, 288, 644 N.E.2d 1163, 1165-66 (1994), as authority establishing the circuit court's jurisdiction. The *Skilling* court analyzed a circuit court's jurisdiction to consider the merits of an issue that is dissimilar to the disputed issues presented by the parties in the present case. *Skilling*, therefore, is not applicable.

¶ 29    In *Skilling*, an injured worker filed two workers' compensation claims against his employer. The employer's workers' compensation carrier contended that its policy did not provide coverage because the injuries did not occur in Wisconsin. *Id*. at 285, 644

13

N.E.2d at 1164. The insurance company filed a declaratory judgment action in the circuit court against the employer and the employee, requesting the court to declare that it had no obligation to defend or indemnify with respect to the employee's claim. *Id*. at 285-86, 644 N.E.2d at 1164. The employee moved to dismiss the declaratory judgment action on the basis that the insurance company had not exhausted its administrative remedies available before the Commission. *Id*. at 286, 644 N.E.2d at 1164. The circuit court granted the motion to dismiss. *Id*.

¶ 30 On appeal, the supreme court addressed two issues. First, it had to determine whether the Commission had exclusive jurisdiction over the dispute or whether it had concurrent jurisdiction with the circuit court. *Id*. at 286, 644 N.E.2d at 1165. Second, if the circuit court had concurrent jurisdiction, it had to decide whether the court properly exercised its jurisdiction under the doctrine of primary jurisdiction. *Id*. at 288-89, 644 N.E.2d at 1166.

¶ 31 With respect to the first issue, the court concluded that the determination of the coverage of a workers' compensation insurance contract was an issue over which both the circuit court and the Commission had concurrent jurisdiction. *Id*. at 287, 644 N.E.2d at 1165. The court noted that although the legislature may vest exclusive original jurisdiction in an administrative agency, the enactment divesting the circuit court of jurisdiction must do so explicitly. *Id*. The court looked at the language of section 18 of the Act and concluded that the statutory language was insufficient to divest the circuit courts of jurisdiction "to hear the insurance coverage issue raised" in that case. *Id*. The court cited *People v. NL Industries*, 152 Ill. 2d 82, 604 N.E.2d 349 (1992), in which the

14

supreme court held that "the Pollution Control Board had concurrent jurisdiction to decide *the issues presented in that case*, finding that no language in the Environmental Protection Act specifically excluded the circuit courts from deciding such cases." (Emphasis added.) *Skilling*, 163 Ill. 2d at 287, 644 N.E.2d at 1165 (citing *NL Industries*, 152 Ill. 2d at 97, 604 N.E.2d at 355). In citing *NL Industries*, the *Skilling* court held that exclusionary language was "similarly absent" from the Act; therefore, the court "reach[ed] the same conclusion herein." *Id*.

¶ 32     We believe that the *Skilling* court's holding with respect to the circuit court's concurrent jurisdiction was limited to "the issues presented in that case," *i.e.*, "the insurance coverage issue raised." *Id*. The construction of an insurance contract is not a determination of an employee's right to seek benefits under the Act or an employer's defenses to an employee's claim to benefits. It is a collateral issue governed by the principles of contract construction. In contrast to *Skilling*, the issues presented in *Hartlein* and *Hollywood Trucking* were directly related to injured workers' rights to seek benefits under the Act. In each case, the courts held that the Commission had exclusive jurisdiction. Likewise, in the present case, the issues involved in the declaratory judgment pleadings directly concern the determination of the plaintiff's right to seek additional workers' compensation benefits and the defendants' defenses to his claim. Therefore, we are obligated to follow the supreme court's directive in *Hartlein* that the circuit court's jurisdiction in this controversy is "appellate only," not concurrent.

¶ 33     Citing *Skilling*, the parties argue that, under the doctrine of primary jurisdiction, the circuit court has paramount jurisdiction to decide their dispute. The parties' reliance

15

on the *Skilling* court's primary jurisdiction analysis is misplaced. The doctrine of primary jurisdiction has no bearing on resolution of the circuit court's subject matter jurisdiction over the parties' controversy in the present case.

¶ 34    As noted above, in *Skilling*, the supreme court engaged in a two-part analysis. The court first held that the circuit court and the Commission had concurrent jurisdiction over the insurance coverage dispute. The supreme court then conducted a second step in its analysis and held that, under the primary jurisdiction doctrine, the circuit court had "paramount" jurisdiction over the parties' insurance dispute; the court reasoned that the issue was a question of law and that administrative agencies were "given wide latitude in resolving factual issues but not in resolving matters of law." *Id*. at 288-89, 644 N.E.2d at 1166.

¶ 35    The doctrine of primary jurisdiction is a judicially created doctrine that is not technically a question of jurisdiction, but a matter of self-restraint and relations between the courts and administrative agencies. *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 343, 848 N.E.2d 1, 92-93 (2005). The doctrine applies only when an administrative agency and the circuit court have concurrent jurisdiction. *Village of Itasca v. Village of Lisle*, 352 Ill. App. 3d 847, 853, 817 N.E.2d 160, 167 (2004).

¶ 36    As noted above, we have determined that the Commission has exclusive original jurisdiction to determine the disputed issues of law and fact in the present case, which concern the plaintiff's right to seek further benefits under the Act and the defendants' defenses to his claim. We cannot apply the judicially created doctrine of primary jurisdiction in cases that the legislature has vested exclusively within the Commission's

16

original jurisdiction. The *Skilling* court's analysis with respect to the doctrine of primary jurisdiction applies only when a circuit court has concurrent jurisdiction with an administrative agency.

¶ 37   The legislature's comprehensive statutory scheme vests the Commission with exclusive jurisdiction to determine an injured employee's rights to seek benefits under the Act and employers' defenses to compensation claims. This exclusive jurisdiction encompasses both questions of law and fact. The circuit court in the present case correctly dismissed the plaintiff's complaint and the defendants' counterclaim requesting a declaratory judgment because the parties' controversy falls within the Commission's exclusive jurisdiction.

¶ 38                                      CONCLUSION

¶ 39   For the foregoing reasons, we affirm the circuit court's order and remand the matter to the circuit court for further proceedings on the remaining issues.


¶ 40   Affirmed; cause remanded.

2015 IL App (5th) 140267

NOS. 5-14-0267, 5-14-0279 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| PATTON BRADLEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff and Counterdefendant-Appellant and Cross-Appellee, | ) | Williamson County. |
| | ) | |
| v. | ) | No. 13-MR-82 |
| | ) | |
| THE CITY OF MARION, ILLINOIS, and THE ILLINOIS PUBLIC RISK FUND, | ) | |
| | ) | |
| | ) | Honorable |
| Defendants and Counterplaintiffs-Appellees and Cross-Appellants. | ) | Brad K. Bleyer, |
| | ) | Judge, presiding. |

_____

**Opinion Filed:** March 10, 2015
_____

**Justices:** Honorable Bruce D. Stewart, J.

Honorable S. Gene Schwarm, J., and
Honorable James R. Moore, J.,
Concur
_____

**Attorney for Appellant**

Steven F. Hanagan, Hanagan & McGovern, P.C., 123 S. 10th Street, Suite 601, Mt. Vernon, IL 62864
_____

**Attorneys for Appellees**

Gregory G. Vacala, Douglas B. Keane, Yvonne M. O'Connor, Rusin & Maciorowski, Ltd., 10 S. Riverside Plaza, Suite 1530, Chicago, IL 60606 (attorneys for City of Marion and Illinois Public Risk Fund)

John P. Cunningham, Joseph A. Rousseau, Brown & James, P.C., Richland Plaza I, 525 W. Main Street, Suite 200, Belleville, IL 62220 (attorneys for third-party appellee–Moorman Farms, Inc.)
_____