NOTICE
Decision filed 09/29/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 180498-U

NO. 5-18-0498

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JOHN DAN BUMPHUS JR., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 18-MR-131 |
| | ) | |
| ARBITRATOR EDWARD LEE and | ) | |
| THE ILLINOIS WORKERS' COMPENSATION | ) | |
| COMMISSION, *et al.*, | ) | Honorable |
| | ) | David W. Dugan, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The judgment of the circuit court dismissing plaintiff's *pro se* petition for a writ of *mandamus* is affirmed where the circuit court lacked subject-matter jurisdiction to review a decision of the arbitrator issued under the Workers' Occupational Diseases Act.

¶ 2    Plaintiff, John Dan Bumphus Jr., filed a *pro se* petition for a writ of *mandamus* against Edward Lee, in his official capacity as arbitrator for the Illinois Workers' Compensation Commission (Commission),[1] seeking an order to compel the arbitrator to reverse his decision that plaintiff's claim for benefits, under the Workers' Occupational Diseases Act (Diseases Act) (820 ILCS 310/1 *et seq.* (West 2016)), was barred by *res judicata*. The Illinois Attorney General entered

_____

[1]Plaintiff's *pro se* petition listed defendant as "ARBITRATOR EDWARD LEE, WORKERS' COMPENSATION APPEALS BOARD, COLLINSVILLE, ILLINOIS, PUBLIC OFFICIAL."

1

her appearance on behalf of the arbitrator and the Commission (referred to collectively as defendants), and subsequently filed a motion to dismiss. The circuit court of Madison County granted the motion to dismiss, and plaintiff now appeals. We affirm.

¶ 3                                     I. Background

¶ 4     In 2015, plaintiff filed an application for adjustment of claim for benefits under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2014)), alleging that "he developed the psychological condition of anxiety, manifesting on July 17, 2015, and alleging that his employer, Unique Personnel Consultants, caused the condition by failing to accommodate his medical condition as well as 'bullying and duplicity.' " The arbitrator denied plaintiff's claim on April 25, 2016, and the Commission later affirmed and adopted the arbitrator's decision on April 19, 2017. See *Bumphus v. Unique Personnel Consultants, Ill. Workers' Comp. Comm'n*, No. 15-WC-27577 (April 19, 2017). Plaintiff then sought review in the circuit court of Madison County.

¶ 5     On September 29, 2017, while the 2015 claim was pending before the circuit court, plaintiff filed a second application for adjustment of claim pursuant to the Diseases Act, seeking occupational disease benefits for his previously diagnosed post-traumatic stress disorder (PTSD) condition that was allegedly "provoked and exacerbated" while working for his employer. Plaintiff alleged the same factual bases, symptoms, and the July 17, 2015, manifestation date, as alleged in his 2015 claim.

¶ 6     On November 17, 2017, while plaintiff's 2017 claim was pending before the arbitrator, the circuit court entered an order confirming the Commission's April 19, 2017, decision denying plaintiff benefits related to the 2015 claim. Plaintiff did not file an appeal.

¶ 7     On May 8, 2018, the arbitrator issued his decision dismissing plaintiff's 2017 claim, finding that the claim was barred by *res judicata* because the issues were previously adjudicated

2

in the final disposition entered in the 2015 claim.[2] The arbitrator also found that plaintiff was precluded from amending his claim because it was not done before the "final disposition."

¶ 8    On May 14, 2018, plaintiff filed a *pro se* petition for a writ of *mandamus* in the circuit court of Madison County, which listed the arbitrator as the defendant and requested the court enter an order compelling the arbitrator to reverse his May 8, 2018, denial of plaintiff's claim for occupational disease benefits. In support, plaintiff argued that the arbitrator "invalidly misapplied" the doctrine of *res judicata*. Plaintiff also argued that the arbitrator erred in finding that plaintiff was precluded from amending his claim because it was not done before the "final disposition," when the order related to his 2015 claim did not become final until the court confirmed the Commission's April 19, 2017, decision on November 17, 2017.

¶ 9    On July 18, 2018, the Illinois Attorney General entered an appearance for defendants, and later filed a combined motion to dismiss, pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)). Specifically, the Illinois Attorney General asserted in the combined motion that the case should be dismissed under section 2-619(a)(1) of the Code (*id.* § 2-619(a)(1)) because plaintiff failed to exhaust his available administrative remedies under the Act, thus, depriving the circuit court of subject-matter jurisdiction. The Illinois Attorney General also asserted that the case should be dismissed under section 2-615 of the Code (*id.* § 2-615) because plaintiff failed to state a claim for mandamus relief.

¶ 10    On July 26, 2018, plaintiff filed 165 pages of "supportive documents" in the circuit court, which included, *inter alia*, (1) the May 8, 2018, dismissal order entered by the arbitrator; (2) the notice of case dismissal form sent from the Commission, erroneously stating that the claim was

---

[2]Plaintiff alleges in his brief that Unique Personnel Consultants, respondent in the underlying workers' compensation case, filed a motion to dismiss plaintiff's 2017 claim, which was subsequently heard by Arbitrator Lee on March 20, 2018. Neither the motion to dismiss nor the transcript of the March 20, 2018, hearing is contained in the record.

dismissed due to plaintiff's failure to appear and further stating that petitioner had 60 days to file a motion to reinstate or the case could not be reopened; and (3) the June 1, 2018, petition to reinstate plaintiff's 2017, claim, which contains a handwritten note stating: "Motion to reinstate was presented to Arb. Lee on June 19, 2018. Arb. Lee declined to rule on the motion due to lack of jurisdiction."

¶ 11     On September 14, 2018, the circuit court commenced a hearing on defendants' combined motion to dismiss. At the start of the hearing, defendants' counsel, Assistant Attorney General Samantha Costello, informed the court that the Commission had received a letter from plaintiff on July 19, 2018, complaining about the arbitrator and the arbitrator's decision, which the Commission took as a request for review of the arbitrator's May 8, 2018, decision by the Commission.[3] Following arguments of the parties, the court granted the combined motion to dismiss. In doing so, the court informed plaintiff that it did not have "jurisdiction to review the decision of the arbitrator that [has not] first gone through the process of the Commission on appeal." Plaintiff timely appealed.

¶ 12                                    II. Analysis

¶ 13     On appeal, plaintiff argues that the circuit court erred in dismissing his *pro se* petition for writ of *mandamus*. In support, plaintiff contends, *inter alia*, that the court had jurisdiction pursuant to "Article 6, Section 9, of the Constitution of the State of Illinois." Plaintiff, therefore, would like for this court to reverse the court's judgment dismissing his petition, order the court to award him temporary total disability benefits and penalties, and remand the case to the court for a hearing on permanent disability benefits under the Act. We affirm.

---

[3]This letter was not admitted into evidence at that hearing and is not contained in the record.

¶ 14    We begin by identifying the appropriate principles that govern our review. Here, without addressing the merits of plaintiff's *pro se* petition for writ of *mandamus*, the circuit court dismissed the petition based on its determination that it lacked jurisdiction to review the arbitrator's decision. Thus, the sole issue before this court is whether the circuit court had jurisdiction to address the merits of the plaintiff's *pro se* petition. *Bradley v. City of Marion*, 2015 IL App (5th) 140267, ¶ 12. We review *de novo* the question of whether a circuit court has subject-matter jurisdiction. *Id.*

¶ 15    "Illinois courts are courts of general jurisdiction and enjoy a presumption of subject-matter jurisdiction." *Ameren Transmission Co. of Illinois v. Hutchings*, 2018 IL 122973, ¶ 13. However, "Illinois courts are empowered to review administrative actions only 'as provided by law.' Ill. Const. 1970, art. VI, § 6 (appellate court), § 9 (circuit court)." *Illinois State Treasurer v. Illinois Workers' Compensation Comm'n*, 2015 IL 117418, ¶ 14. Thus, the presumption of subject-matter jurisdiction does not apply in workers' compensation proceedings, where the court exercises special statutory jurisdiction. *Esquivel v. Illinois Workers' Compensation Comm'n*, 402 Ill. App. 3d 156, 158 (2010). "[A] court *** exercise[s] 'special statutory jurisdiction' when it reviews an administrative decision pursuant to the statutory scheme." *People ex rel. Madigan v. Illinois Commerce Comm'n*, 2014 IL 116642, ¶ 10. Because a court has no powers from any other source, no jurisdiction is conferred on the court unless there is strict compliance with the procedures prescribed by the statute. *Illinois State Treasurer*, 2015 IL 117418, ¶ 14. These principles apply to review of the Commission's decisions. *Id.* ¶ 15.

¶ 16    Section 18 of the Diseases Act (820 ILCS 310/18 (West 2018)) provides as follows: "All questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." The Act also provides that the role of the circuit court in workers' compensation proceedings is limited to appellate review. 820

5

ILCS 305/19(f) (West 2018); see also *Hartlein v. Illinois Power Co.,* 151 Ill. 2d 142, 157 (1992). "Under this comprehensive statutory administrative scheme, the legislature has vested exclusive original jurisdiction in the Commission over matters involving an injured worker's rights to benefits under the Act and an employer's defenses to claims under the Act." *Bradley,* 2015 IL App (5th) 140267, ¶ 15.

¶ 17    In the present case, it is undisputed that plaintiff failed to exhaust the administrative remedies, provided by the Diseases Act (820 ILCS 310/1 *et seq.* (West 2014)), prior to filing his *pro se* petition for writ of *mandamus*. By filing a petition for writ of *mandamus*, plaintiff effectively sought immediate judicial review of the arbitrator's adverse decision, rather than wait for the Commission's decision on review. In other words, plaintiff attempted to circumvent the Diseases Act's procedural requirements by filing an action for *mandamus*, which amounted to nothing more than a misguided attempt to immediately overturn the arbitrator's adverse decision.

¶ 18    Contrary to plaintiff's contention, article 6, section 9 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 9) does not vest jurisdiction in the circuit court to directly review an arbitrator's decision concerning a denial of benefits under the Diseases Act. See *Illinois State Treasurer*, 2015 IL 117418, ¶ 14 ("Illinois courts are empowered to review administrative actions only 'as provided by law.' Ill. Const. 1970, art. VI, § 6 (appellate court), § 9 (circuit court)."); see also *Hartlein,* 151 Ill. 2d at 158 ("The circuit courts have no original jurisdiction over workers' compensation proceedings, wherein benefits are determined, under the Act."). Consequently, the court did not err in dismissing plaintiff's *pro se* petition. Because the circuit court lacked jurisdiction to review the arbitrator's decision, we need not address plaintiff's remaining contentions raised in this appeal.

¶ 19                                          III. Conclusion

¶ 20    For the above-stated reasons, the judgment of the circuit court dismissing plaintiff's *pro se*

petition for a writ of *mandamus* is affirmed.


¶ 21    Affirmed.