2023 IL App (1st) 221198

FIRST DISTRICT,
FIRST DIVISION
March 6, 2023

No. 1-22-1198

| | |
|---|---|
| *In re* MARRIAGE OF LILLIAN R. KRILICH, ) | |
| Petitioner, ) | |
| ) | |
| and ) | |
| ) | |
| ROBERT R. KRILICH, ) | Appeal from the |
| Respondent ) | Circuit Court of |
| ) | Cook County, Illinois. |
| (Sandra Schnakenburg, as Executor of the Estate of ) | |
| Lillian R. Krilich and on Her Own Behalf; Roseann ) | No. 1981 D 14012 |
| Loesch; Debbie Sebek; Robin Keel; Barbara Berry; ) | |
| and Robert Krilich Jr., ) | Honorable |
| ) | Regina A. Scannicchio, |
| Petitioners-Appellees, ) | Judge Presiding. |
| v. ) | |
| ) | |
| Donna J. Krilich and Walter L. Morgan, ) | |
| ) | |
| Respondents-Appellants). ) | |

JUSTICE COGHLAN delivered the judgment of the court, with opinion.
Presiding Justice Lavin and Justice Hyman concurred in the judgment and opinion.

**OPINION**

¶ 1        In 1985, a judgment for dissolution of marriage was entered for Robert Krilich and

Lillian Krilich requiring both parties to leave at least half of their respective estates to children or

grandchildren of the marriage. In 2020, Robert executed a will that allegedly failed to comply

with the terms of the judgment. Following Robert's death in 2021, his children brought a petition

to enforce the judgment against the representatives of Robert's estate (Donna Krilich and Walter

Morgan) (collectively, respondents).

¶ 2        Respondents moved to dismiss for lack of jurisdiction, alleging that Robert was domiciled in Florida at the time of his death, he owned no Illinois real estate, and respondents themselves had no contacts with Illinois that would subject them to personal jurisdiction. The circuit court denied the motion, and we granted leave for respondents to file an interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(3) (eff. Oct 1, 2020). For the reasons that follow, we affirm.

¶ 3                                    BACKGROUND

¶ 4        On January 30, 1985, a judgment for dissolution of marriage was entered in the circuit court of Cook County for Robert and Lillian. The judgment stated "[t]hat the court retain[s] jurisdiction of the parties and of the subject matter until this Judgment shall be fully satisfied" and incorporated a separation agreement providing, in relevant part, that "WIFE and HUSBAND agree to execute wills within 30 days of decree leaving not less than 50% of their respective estates to children or grandchildren of this marriage." The children of the marriage are Sandra Schnakenburg, Roseann Loesch, Debbie Sebek, Robin Keel, Barbara Berry, and Robert Krilich Jr. (collectively, the Krilich Children or petitioners).

¶ 5        Lillian died on December 27, 2008, and her daughter Sandra was appointed as executor of her estate. Robert died on March 4, 2021. He was domiciled in Florida at the time of his death. His last will and testament, executed on October 15, 2020, left his estate to a pass-through trust (The Flamingo Trust) of which Donna Krilich, his second wife, is the primary beneficiary, with the Krilich Children as remainder beneficiaries. Donna and Walter Morgan were named as representatives of his estate.

¶ 6        On April 13, 2021, the Krilich Children filed a "Petition to Enforce Judgment for Dissolution of Marriage, or in the Alternative, for Adjudication of Indirect Civil Contempt and

for Other Relief" in the circuit court of Cook County "against [Robert] by and through [Donna] and [Morgan], as the nominated Co-Personal Representatives of the decedent's estate." The Krilich Children "petition[ed] this Honorable Court to enforce" the January 30, 1985, dissolution judgment against Robert's estate, which they alleged "comprised *** various businesses, interests in real estate, marketable securities and cash valued in the hundreds of millions of dollars." In the alternative, they requested that the court issue a rule to show cause against respondents, requiring them to show cause why the estate should not be held in indirect civil contempt of court for failure to comply with the dissolution judgment.[1]

¶ 7 On January 7, 2022, respondents moved to dismiss the petition for lack of personal and subject matter jurisdiction. Regarding personal jurisdiction, respondents alleged that they "have no contacts with Illinois that would subject them to personal jurisdiction by an Illinois court" and Robert "did not own any property located in Illinois" except for "a small strip of unimproved land *** which will be abandoned by his estate." Regarding subject matter jurisdiction, respondents argued that "[t]his Court does not have jurisdiction to control the distribution of the assets of a Florida estate."

¶ 8 Petitioners filed a response arguing that the trial court retained jurisdiction to enforce its dissolution judgment under *Smithberg v. Illinois Municipal Retirement Fund*, 192 Ill. 2d 291, 297-98 (2000) ("Where a domestic relations order has been entered, the trial court retains jurisdiction to enforce its order [citation], as further performance by the parties is often contemplated."). They argued that respondents' assertion that "Donna and Walter, individually, do not have sufficient contacts with the State of Illinois for this Court to exert personal

---

[1]The Krilich Children additionally filed claims in Robert's Florida probate estate (*In re* Estate of Krilich, No. PRC210001300 (Cir. Ct. Broward County, Fla.)) and instituted a Florida action against respondents seeking the same relief as in the instant petition (Schnakenburg v. Krilich, No. CACE 21-016410 (Cir. Ct. Broward County, Fla.)).

jurisdiction over them" was "a straw man argument" because the suit was not brought against them as individuals, but against Robert's estate. Respondents' argument that Robert lacked property in Illinois was "even more risible" because "a divorce occurred in Illinois, and [ ] the divorce judgment can be enforced where it is entered."

¶ 9   Sandra filed an affidavit in support of petitioners' response, attesting that Robert's estate "has numerous business interests and property located and/or based in Illinois," listing nine corporations or limited liability companies owned by Robert that were organized under Illinois law and/or owned Illinois real estate. She stated that "[a]t a bare minimum, there remains a question outstanding as to the situs of the property of the estate, such that a material issue of fact exists."

¶ 10   On July 15, 2022, the trial court entered an order stating:

"1. The Court retains jurisdiction of the parties and the subject matter to proceed with the Petition to Enforce; and

2. The relief sought by the movant in this proceeding is not similar to the probate action pending in a foreign jurisdiction."

¶ 11   Respondents filed a petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(3) (eff. Oct 1, 2020) (allowing permissive interlocutory appeals "from an order of the circuit court denying a motion to dismiss on the grounds that the defendant has done nothing which would subject defendant to the jurisdiction of the Illinois courts"), which this court granted.

¶ 12                                          ANALYSIS

¶ 13   Respondents challenge the court's subject matter jurisdiction over the instant petition and the court's personal jurisdiction over them. Subject matter jurisdiction "refers to a court's power

both to adjudicate the general question involved and to grant the particular relief requested." *In re Estate of Gebis*, 186 Ill. 2d 188, 192 (1999). Personal jurisdiction is the court's "ability to apply its subject matter jurisdiction to an individual." *In re Adoption of E.L.*, 315 Ill. App. 3d 137, 149 (2000). An action taken by a court without personal and subject matter jurisdiction is void. *Gebis*, 186 Ill. 2d at 193; *E.L.*, 315 Ill. App. 3d at 149.

¶ 14        The Krilich Children brought their petition "to enforce the terms of the Judgment for Dissolution of Marriage" against Robert's estate. "It is an elementary principle of law that a court is vested with the inherent power to enforce its orders." *Smithberg*, 192 Ill. 2d at 297; see also *In re Estate of Steinfeld*, 158 Ill. 2d 1, 19 (1994) (once a court has jurisdiction over both the parties and the subject matter, it has "inherent power to enforce its orders by way of contempt"). "Where a domestic relations order has been entered, the trial court retains jurisdiction to enforce its order [citation], as further performance by the parties is often contemplated." *Smithberg*, 192 Ill. 2d at 297-98. Moreover, "one who accepts any of the benefits of a divorce decree, including the right to remarry, is estopped from challenging the jurisdiction of the court over either the person or the subject matter of the decree." *In re Robertson*, 151 Ill. App. 3d 214, 222-23 (1986) (collecting cases). It is undisputed that the circuit court had jurisdiction over the original dissolution action in 1985; thus, it retains jurisdiction to enforce its judgment.

¶ 15        *Smithberg*, 192 Ill. 2d 291, is instructive. A judgment of dissolution of marriage was entered for James and Nancy Smithberg requiring James to designate Nancy as the sole recipient of his pension death benefit. *Id.* at 292-93. Subsequently, in violation of the court's order, James designated his second wife, Delores, as the recipient of his death benefit. Nancy filed a petition for rule to show cause why James should not be held in contempt for violating the judgment, but James died before the petition was ruled upon. *Id.* at 293-94. Our supreme court held:

"In the case of the court that rendered James and Nancy's judgment of dissolution, jurisdiction was expressly retained for the purpose of enforcing all of its terms and conditions. Had James lived, there is no doubt that he could have been compelled by the use of contempt proceedings to abide by the terms of his marital settlement agreement as incorporated in the court's judgment. His death, however, does not leave the courts powerless to rectify his wrongdoing and enforce Nancy's right to the death benefit." *Id.* at 298.

"Irrespective of empowering statutes," the court retained its "traditional equitable powers" "derived from the historic power of equity courts" and "should have employed them to afford Nancy relief." *Id.*

¶ 16    Likewise, in the case at bar, the court expressly retained jurisdiction to enforce the terms and conditions of the judgment of dissolution, pursuant to its inherent power to enforce its orders, and Robert's death "does not leave the courts powerless" to rectify his alleged wrongdoing. *Id.* at 297-98.[2]

¶ 17    Respondents argue that the Krilich Children "have no jurisdiction to interfere with the administration of an estate probated in Florida," relying on *Keats v. Cates*, 100 Ill. App. 2d 177 (1968). *Keats* did not involve a court's inherent authority to enforce its own judgments. In 1944, Mr. and Mrs. Cates made an agreement to execute reciprocal wills and not to modify said wills without the other's consent. *Id.* at 182. Mr. Cates later moved to California and unilaterally

---

[2]We note that the parties extensively discuss *Hayden v. Wheeler*, 33 Ill. 2d 110 (1965), in which decedent, a Wisconsin resident, was involved in a fatal car collision in Illinois. In the resulting personal injury suit, our supreme court held that Illinois courts could properly exert jurisdiction over the administrator of the decedent's estate in Wisconsin because of the decedent's "alleged commission of a tortious act within this State." *Id.* at 111. *Hayden* is not applicable here, since it is not alleged that Robert committed any tortious act in Illinois.

executed a new will. *Id.* at 182-83. After his death, the beneficiaries of the 1944 will filed suit in the circuit court of Illinois against the executor of his new will. Under those facts, we held:

> "[W]e must adhere to the general proposition that one state cannot assert jurisdiction over a foreign executor when the jurisdiction is predicated simply upon the execution in that state of a contract to make a will. The disposition of personal property having its situs in California should be left to the California courts." *Id.* at 188.

In contrast, the circuit court's jurisdiction in this case is not "predicated simply upon the execution [in Illinois] of a *contract* to make a will" (emphasis added); it is predicated upon a *judgment* which it explicitly retained jurisdiction to enforce. Insofar as the Krilich Children seek to enforce the terms of the 1985 dissolution judgment, the trial court correctly stated that "[t]he relief sought by the movant in this proceeding is not similar to the probate action pending in a foreign jurisdiction."[3]

¶ 18        Respondents additionally claim the Krilich Children "cannot enforce the Judgment against [respondents] because [respondents] are not parties to the Judgment." Respondents are not being sued as individuals, but in their capacity as representatives of Robert's estate. A representative "steps into the shoes of the decedent" (*Moon v. Rhode*, 2016 IL 119572, ¶ 39), and "an action on a claim against a decedent which arose in his lifetime lies against the administrator in his representative capacity" (*Puhrman v. Ver Vynck*, 99 Ill. App. 3d 1130, 1132 (1981)). *Cf. In re Estate of Jagodowski*, 2017 IL App (2d) 160723, ¶ 56 (under the Illinois Parentage Act of 2015 (750 ILCS 46/602(j) (West 2016)), "the administrator of an estate, as the deceased's legal

---

[3]In their petition, the Krilich Children make some allegations unrelated to enforcement of the dissolution judgment, claiming that Robert experienced "material regression in his mental capacity in the last 18-months of his life" and that his will may not reflect his wishes for his estate. These allegations are outside the scope of the circuit court's jurisdiction, which extends only to its "inherent power to enforce its orders" (*Smithberg*, 192 Ill. 2d at 297).

representative, stands in the deceased's shoes"). The petition is brought against Robert "by and through [Donna] and [Morgan], as the nominated Co-Personal Representatives of the decedent's estate." Thus, an action will lie against respondents in their capacity as Robert's legal representatives.

¶ 19    Respondents next argue the circuit court lacks quasi *in rem* jurisdiction over Robert's estate, citing *Golden Rule Insurance Co. v. Widoff*, 291 Ill. App. 3d 112 (1997). *In rem* or quasi *in rem* jurisdiction (*i.e.*, "[j]urisdiction based on property") represents "an alternative to *in personam* jurisdiction" where personal jurisdiction over a defendant cannot be secured in the forum state. (Internal quotation marks omitted.) *In re Marriage of Kosmond*, 357 Ill. App. 3d 972, 976 (2005). Because the circuit court retained personal jurisdiction over Robert to enforce the terms of the dissolution judgment, and respondents stand in Robert's shoes as the legal representatives of his estate, quasi *in rem* jurisdiction is not required. See *id.* (quasi *in rem* jurisdiction was not required where "the circuit court properly exercised *in personam* jurisdiction over all interested parties").

¶ 20    In *Golden Rule*, Rosemarie, a Florida resident, died in a car crash, and the representative of her estate settled with the other party involved in the accident. Rosemarie's insurer sued the representative, alleging that the settlement violated the insurance contract and seeking to enjoin the representative from distributing the funds received in the settlement. *Golden Rule*, 291 Ill. App. 3d at 113-14. We affirmed the dismissal of the suit for lack of jurisdiction, explaining that "plaintiff is not seeking to hold Rosemarie's estate liable for anything. Indeed, plaintiff has not alleged that Rosemarie committed any act that would render her estate liable to plaintiff. Instead, plaintiff desires an Illinois court to control the distribution of the assets of a Florida estate." *Id.* at 115. Because plaintiff was "not seeking a 'personal' obligation from either the personal

representative or Rosemarie's estate," we found that "plaintiff's claim requires quasi *in rem* jurisdiction" which "affects the interests of particular persons in [the] designated property." (Internal quotation marks omitted.) *Id.* at 115-16. Since "the basis of *** quasi *in rem* jurisdiction 'is the presence of the subject property within the territorial jurisdiction of the forum State,' " and Rosemarie's assets were located in Florida, the Illinois court lacked jurisdiction over the claim. *Id.* at 116. Here, by contrast, petitioners are seeking a personal obligation from Robert's estate based on his alleged violation of the terms of the 1985 dissolution judgment. Thus, respondents' reliance on *Golden Rule* is misplaced.

¶ 21        Finally, respondents argue that the relief sought in the petition is "barred by Florida law" because it "effectively seeks to impose a constructive trust on the assets of the Decedent's estate and obtain a priority over other Estate creditors." In support, they cite *Lefkowitz v. Schwartz*, 299 So. 3d 549, 554 (Fla. Dist. Ct. App. 2020), holding that a Florida court exceeded its statutory mandate under the Florida Probate Code by imposing a constructive trust over estate assets that "gave [appellee's] claim priority over all other creditors of the estate" in contravention of section 733.705(5) of the Florida Probate Code, which provides that "a judgment establishing the claim shall give it no priority over claims of the same class to which it belongs" (Fla. Stat. § 733.705 (2017)). Here, the circuit court's authority to adjudicate the instant petition does not derive from, and is not limited by, the Florida Probate Code, but comes from the "elementary principle of law that a court is vested with the inherent power to enforce its orders." *Smithberg*, 192 Ill. 2d at 297. *Lefkowitz* does not govern the enforcement of an Illinois judgment by an Illinois court.

¶ 22        Because we find the circuit court has jurisdiction of this action pursuant to its inherent power to enforce its own orders, we need not address petitioners' contention that a material issue of fact exists as to the situs of Robert's estate.

¶ 23                                                    CONCLUSION

¶ 24          For the foregoing reasons, we affirm the trial court's July 15, 2022, order finding that it retains jurisdiction of the parties and the subject matter of the instant petition.

¶ 25          Affirmed.

---

### *In re Marriage of Krilich*, 2023 IL App (1st) 221198

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 1981-D-14012; the Hon. Regina A. Scannicchio, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Lawrence M. Benjamin, of Reed Smith LLP, of Chicago, for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Judd Z. Fineberg, of Dussias Wittenberg Koenigsberger, LLP, of Chicago, for appellees. |

---