**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210583-U

Order filed September 7, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0583 |
| 2016 CHRYSLER 200 BLACK, VIN #1C3CCCAB9GN110925, | ) ) ) | Circuit No. 21-MR-2081 |
| Defendant | ) ) | |
| (TOMMY LOCKETT, | ) ) | Honorable Kenneth L. Zelazo, |
| Claimant-Appellee). | ) | Judge, Presiding. |

JUSTICE HETTEL[1] delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Because the circuit court lacked jurisdiction to consider the State's petition for preliminary determination of forfeiture, we vacate the circuit court's order finding no probable cause and dismiss the petition.

___

[1] This case was administratively reassigned to Justice Hettel for authorship on December 19, 2022.

¶ 2    After seizing a 2016 Chrysler 200 Black, VIN #1C3CCAB9GN110925 (2016 Chrysler 200), the State commenced a civil forfeiture action against the vehicle and named the owner, Tommy Lockett. Following a preliminary hearing, the circuit court found the State failed to establish probable cause existed for forfeiture of the vehicle. The State appeals, maintaining the court's finding was against the manifest weight of the evidence. For the following reasons, we conclude that the circuit court lacked jurisdiction to hear the State's petition for preliminary determination. We therefore vacate the circuit court's order and dismiss the State's petition.

¶ 3                                    I. BACKGROUND

¶ 4    On July 12, 2021, an officer with the Crete Police Department attempted to conduct a traffic stop on a 2016 Chrysler 200. When the officer activated his siren, the vehicle fled on Route 394 at a high rate of speed, reaching 100 miles per hour in a 55 mile-per-hour speed zone. The officer terminated the chase without stopping the vehicle. He was unable to identify the driver. Using the license plate number and registration information, the officer determined that "Tommy Lockett" owned the vehicle.

¶ 5    On July 20, 2021, Crete police officers noticed the same Chrysler and activated their lights and sirens. The vehicle took off and reached speeds of 80 miles per hour and 100 miles per hour in speed zones marked as 55 miles-per-hour. Officers eventually lost sight of the vehicle and ended the pursuit. A few weeks later, officers seized the vehicle at 660 Tanglewood Court in Hammond, Indiana, where it was discovered parked and unoccupied. The vehicle had Indiana plates and was traced to Lockett.

¶ 6    On August 17, 2021, the State commenced a forfeiture action against the 2016 Chrysler 200 by filing a petition for preliminary determination pursuant to section 36-1.5 of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/36-1.5 (West 2020)) and providing notice to

Lockett. The petition indicated that the property had been seized on August 7, 2021, by the Crete Police Department pursuant to article 36 of the Criminal Code and requested a hearing to determine whether there was probable cause that the vehicle may be subject to forfeiture.

¶ 7 At the preliminary review hearing, the State informed the court that officers identified Lockett as the registered owner using the license plate number of the vehicle but made no identification as to the driver. The circuit court found no probable cause for forfeiture. On reconsideration, the court explained that absent identification of the offender, there was insufficient evidence to support a probable cause finding. The court denied the motion to reconsider, and the State appeals.

¶ 8                                    II. ANALYSIS

¶ 9 The State argues that the circuit court erred in finding no probable cause at the preliminary determination hearing. Because we conclude that the court lacked jurisdiction to entertain the petition for a preliminary determination, we cannot consider the merits of the State's appeal.

¶ 10 Illinois appellate courts have an independent obligation to consider matters relating to the jurisdiction of the circuit court. *Bradley v. City of Marion*, 2015 IL App (5th) 140267, ¶ 13. Jurisdiction, in general, involves two components: subject-matter jurisdiction and personal jurisdiction. See *People v. Castleberry*, 2015 IL 116916, ¶ 12. Subject matter jurisdiction concerns the authority of the court " 'to hear and determine cases of the general class to which the proceeding in question belongs.' " *In re M.W.*, 232 Ill. 2d 408, 415 (2009) (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)). "Personal jurisdiction refers to the court's power to bring a person into its adjudicative process." (Internal quotation marks omitted.) *People ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL

3

126927, ¶ 19. It involves the court's authority "to litigate in reference to a particular defendant and to determine the rights and duties of that defendant." *In re Commissioner of Banks & Real Estate*, 327 Ill. App. 3d 441, 463 (2001). An action taken by a court without personal and subject matter jurisdiction is void. *In re Marriage of Krilich*, 2023 IL App (1st) 221198, ¶ 13.

¶ 11    As it relates to property, a court has *in rem* jurisdiction rather than personal jurisdiction. *$59,914 United States Currency*, 2022 IL 126927, ¶ 19. "*In rem* jurisdiction refers to a court's power to adjudicate the rights to that property, including the power to seize and hold the property." *Id.* Because an *in rem* proceeding is an action taken directly against the property, *in rem* jurisdiction rests exclusively on the situs of the *res*. See *Smith v. Hammel*, 2014 IL App (5th) 130227, ¶ 26 (citing *McCallum v. Baltimore & Ohio R.R. Co.*, 379 Ill. 60, 69 (1942)); see also *Krilich*, 2023 IL App (1st) 221198, ¶ 20 (emphasizing that basis of *in rem* jurisdiction is "the presence of the subject property within the territorial jurisdiction of the forum state" (Internal quotation marks omitted.)).

¶ 12    In forfeiture proceedings, the circuit court exercises *in rem* jurisdiction with respect to the specific property. *$59,914 United States Currency*, 2022 IL 126927, ¶ 19. A forfeiture action under article 36 is a civil *in rem* action brought against property that was used in the commission of a crime. 720 ILCS 5/36-1.1 (West 2020); *People v. One 2014 GMC Sierra*, 2018 IL App (3d) 170029, ¶ 28. The State brings the action against the seized item "pursuant to the legal fiction that the property itself is guilty of facilitating a crime." *People v. Parcel of Property Commonly Known as 1945 North 31st Street, Decatur, Macon County, Illinois*, 217 Ill. 2d 481, 497 (2005).

¶ 13    In this case, the right to proceed against the 2016 Chrysler 200 under article 36 of the Criminal Code stems from the circuit court's jurisdiction over the property itself, which provides the court with *in rem* jurisdiction. See 720 ILCS 5/36-1.5(a) (West 2020) ("Within 14 days of the

4

seizure, the State's Attorney of the county in which the seizure occurred shall seek a preliminary determination from the circuit court as to whether there is probable cause that the property may be subject to forfeiture."). In other words, it is the location of the property within the territorial jurisdiction of this state that confers jurisdiction on the circuit court. It is undisputed that the vehicle was located in Hammond, Indiana, not Will County, when it was seized by law enforcement. Consequently, the circuit court lacked *in rem* jurisdiction over the property and was therefore unable to consider the State's petition under article 36 of the Criminal Code. See *People v. One 1985 Chevrolet Camaro,* 149 Ill. App. 3d 609, 612 (1986) (Will County circuit court did not have jurisdiction to consider complaint for forfeiture of vehicle alleged to have been used to deliver drugs where the vehicle was seized in Du Page County).

¶ 14 The circuit court found no probable cause and entered an order returning the property to Lockett. Our decision reaches the same result. However, because the court lacked jurisdiction to consider the State's petition for preliminary determination, its ruling on the petition was void. We therefore vacate the circuit court's order and dismiss the petition. See *People v. Bailey*, 2014 IL 115459, ¶ 29 (where the circuit court lacked jurisdiction, the appellate court "did not need to dismiss the appeal" but should have vacated the court's judgment and ordered that the underlying pleadings be dismissed).

¶ 15 III. CONCLUSION

¶ 16 For the forgoing reasons, we vacate the judgment of the circuit court of Will County and dismiss the State's petition for preliminary determination of probable cause.

¶ 17 Order vacated; petition dismissed.

5